This is an action on a fraternal beneficiary certificate of insurance issued by the defendant on the 24th day of December, 1912, upon the life of Albert Jegglin, Jr., whose father, the plaintiff herein, is the beneficiary. Insured died on the 8th of June 1917. Defendant refused to pay the insurance and thereupon this suit was brought. A jury was waived and the case was submitted to the court upon an agreed statement of facts and certain documentary evidence offered by the respective parties. The court, over defendant's demurrer to the evidence, found for plaintiff and rendered judgment accordingly. Defendant appealed.
At the time the policy was issued, insured lived in Missouri and was engaged in the occupation of a common laborer. Afterwards, he went to the State of Montana *Page 369 
and there engaged in the business of mining. While in Montana he continued to pay his dues through his brother, William Jegglin, to the Clerk of the local Camp in Missouri, of which the insured was a member. Said brother, in 1915, notified the said Clerk that insured was employed as a miner in Montana and in 1916 he again informed said Clerk that insured was so employed. Insured, through his brother, continued to pay his dues at the rate required of a common laborer up to the date of his death, but no different or higher rate was paid by or for him, nor was any different or higher rate demanded.
Under the defendant's by-laws, mining was one of those occupations classed as hazardous; and it was provided that if a member engaged in any such hazardous occupation, "he shall within thirty days notify the Clerk of the Camp of such changes of occupation, and while so engaged in such occupation shall pay on each assessment thirty cents for each one thousand dollars of his beneficiary Certificates in addition to the regular rate;" failing to do this such member would stand suspended and the Certificate be null and void. As stated, deceased's brother attended to the payment of dues for him and notified the Clerk of the local Camp that insured was engaged in mining, but no additional dues for the increased hazard were paid or demanded. The defense is based upon insured's engagement in such hazardous occupation and his failure to pay the additional thirty cents required therefor. Plaintiff meets this defense by saying that defendant waived these matters.
Section 69 of the Constitution and By-laws provides that:
"Section 69 — No officers employees or agents of the Sovereign Camp, or any Camp, has the power, right or authority to waive any of the conditions upon which beneficiary certificates are issued, or to change, vary or waive, any of the provisions of this Constitution by these laws, nor shall any number of Camps, with or *Page 370 
without the knowledge of any Sovereign officer, have the effect of so changing, modifying or foregoing such laws or requirements. Each and every beneficiary certificate is issued only upon the conditions stated in and subject to the Constitution and Laws, then in force or thereafter enacted. The Constitution and Laws of Sovereign Camp-Woodmen of the World now in force, or which may hereafter be enacted, By-laws of the Camp now in force or which may be hereafter enacted, the application and certificate shall constitute a part of the beneficiary contract between this Society and the member."
And in the Laws of 1911, section 22, p. 292, it is provided that:
"The Constitution and Laws of the society may provide that no subordinate body, nor any of its subordinate officers or members shall have the power(s) or authority to waive any of the provisions of the Laws and Constitution of the society, and the same shall be binding on the society and each and every member thereof and on all beneficiaries of members."
By virtue of the statute and the above quoted by-law, the defendant insists that the local Clerk had no power to waive the laws of the defendant. While it is true that the above provisions do take from the Clerk and other officers of the local Camp, and indeed from the local Camp itself, the general power to create a waiver, yet the defendant itself with notice or knowledge of the facts may do so. [Thompson v. Modern Brotherhood of America,189 Mo. App. 15; Hubbard v. Modern Brotherhood of America, 193 S.W. 911.] And it will be noticed that, in the case at bar, the by-laws provide that if a member does change to a hazardous occupation he shall "notify the Clerk of the Camp." In other words, the defendant says to the insured "if you make such a change, the local Clerk is the one whom you shall notify." Having thus specified the Clerk as the one to whom notice shall begiven, is not notice to him notice to the Company? It seems to us that it is. Consequently, *Page 371 
when insured, through his brother, notified the local Clerk that he was engaged in mining, this was a notice to the defendant itself of such fact since that was the method prescribed by the defendant for giving notice.
If notice to the Clerk was, under this provision of the by-laws, notice to the defendant itself, then the latter is in the position of having accepted payment of all dues at the old rate down to the death of insured with notice that he was engaged in the hazardous occupation of mining. It had this notice because notice to the Clerk was the only means provided by the laws of said defendant whereby notice could be given. This fact has a vital effect upon the question of waiver or no waiver, for the decision of such question depends upon the particular facts in each case. [Thompson v. Modern Brotherhood of America, supra l.c. 17; Modern Woodmen v. Breckenridge, 12 Ann. Cases 639 note.]
In addition to this, the proofs of death were made in July, 1917; suit was filed December 26, 1917; the defendant answered at the return term, and the case was not tried until May 27, 1918. Certainly, from the filing of defendant's answer down to the trial and rendition of judgment, the defendant was possessed offull knowledge of all the facts and yet, with such knowledge, kept and retained the premiums paid for two years after such change of occupation, and made no offer to return them nor did it deposit such premium in court for whomsoever was entitled to them. Defendant is thus in the inconsistent position of insisting that the policy is null and void while at the same time it is holding on to premiums to which it has no right whatever except upon the theory that the policy was valid and in force. It is, therefore, estopped to deny that the policy is valid, or to say that a forfeiture has not been waived. [Davis v. National Council etc., 196 S.W. 97, 100; Simmons v. Modern Woodmen of America,194 Mo. App. 29.]
We are consequently of the opinion that the judgment should be affirmed and it is so ordered. All concur. *Page 372