# THE STATE ex rel. BROTHERHOOD OF AMERICAN YEOMAN v. GEORGE D. REYNOLDS et al., Judges of St. Louis Court of Appeals.

**In Banc, April 1, 1921.**

1. **LIFE INSURANCE:** **Misrepresentations as Defense: Tender of Premiums.** Section 6401, Revised Statutes 1919, found in the article relating to fraternal beneficiary associations and declaring that "such societies shall be governed by this article and shall be exempt from all provisions of the insurance laws of this State, not only in governmental relations with the State, but for every other purpose," exempts such associations from the requirements of Section 6940, found in the general insurance law and declaring that in suits brought upon life policies "no defense based upon misrepresentation in obtaining or securing the same shall be valid, unless the defendant shall, at or before the trial, deposit in court for the benefit of the plaintiff the premiums received on such policies." The beneficiary association, when sued by a certificate holder for physical disabilities, can interpose the defense of misrepresentations on his part in obtaining the policy, without having returned or tendered the premiums received.

2. ———: ———: ———: **Contrary Ruling by Court of Appeals: Exception to General Statute.** The Supreme Court had ruled in State ex rel. Garesche v. Roach, 258 Mo. 1. c. 552, that the general provisions of a statute must yield to special provisions where there is a conflict and where the general provisions of one part of the statute are inconsistent with the more specific provisions of another part; the Court of Appeals, therefore, contravened said previous decision in holding in Wilson v. Brotherhood of

American Yeomen, 223 S. W. 992, that Section 6940, Revised Statutes 1919, found in the general insurance law, prevents a fraternal beneficiary association, when sued by a certificate holder, from interposing, as a defense, misrepresentations by the holder in obtaining the certificate, unless it has returned or tendered the premiums paid, since Section 6401 relates specifically to such societies and exempts them, for every purpose, from the operation of said general law. The Court of Appeals, in so ruling, further contravened the previous decision of the Supreme Court in Hanford v. Mass Ben. Assn., 122 Mo. 50, wherein, in discussing the applicability of the general insurance law in reference to misrepresentations interposed as defenses to actions upon policies issued by assessment companies, it was ruled that corporations doing business under the assessment statute are not subject to any other provisions of the general insurance law except as therein distinctly set forth.

3. **CERTIORARI: To Court of Appeals: Conflict in Opinions.** A court of appeals is vested with power to authoritatively construe a statute, and mere erroneous interpretation thereof does not warrant a quashing of its opinion in any case; but where its construction contravenes prior decisions of the Supreme Court its opinion will be quashed upon *certiorari*, for the Constitution gives the Supreme Court supervisory jurisdiction where the court of appeals has not followed its last previous ruling.

## *Certiorari.*

RECORD QUASHED.

*John D. Denison* and *Lehmann & Lehmann* for relator.

The opinion of the Court of Appeals is in direct conflict with the controlling decision of the Supreme Court in the case of Hanford v. Massachusetts Mutual Benefit Association, 122 Mo. 50. Sec. 6940, R. S. 1909, is a remedial statute, and prior to the enactment thereof, the tender of premiums received was not a condition precedent to the defense of misrepresentation. Loehrner Mutual Ins. Co., 17 Mo. 247; Mers v. Franklin Ins. Co., 68 Mo. 127; Hanford v. Mass. Benefit Assn., 122 Mo. 50; Schuerman v. Ins. Co., 165 Mo. 641; Aloe v. Mutual Life Assn., 147 Mo. 561; Aloe v. Ins. Co., 164

Mo. 675; Kern v. Legion of Honor, 167 Mo. 471; Jenkins v. Ins. Co., 171 Mo. 375.

*Joseph Reilly* for respondents.

(1)   The answer of the relator filed in the circuit court fails to state facts sufficient to constitute a defense to the plaintiff's cause of action; the certificate of relator fails to meet the requirements of the law. Brassfield v. Maccabees, 92 Mo. App. 102; Brassfield v. Woodmen, 88 Mo. App. 208; Gruwell v. National Council, 126 Mo. App. 496; Barker v. Railroad, 91 Mo. 94; State ex rel. v. Vandiver, 213 Mo. 198; Odelheide v. Modern Brotherhood of America, 268 Mo. 347; Toomey v. Supreme Lodge, 147 Mo. 129; Aloe v. Life Assn., 164 Mo. 675; Christian v. Ins. Co., 143 Mo. 460; Richey v. Ins. Co., 104 Mo. App. 149; Sec. 6405, R. S. 1919; Laws 1911, p. 284.    (2)   The opinion of the Court of Appeals is not in conflict with the opinion of this court in the case of Hanford v. Insurance Co., 122 Mo. 50.    (3)   The opinion of the Court of Appeals follows the law of Missouri as it is now and always has been.   Siple v. Robinson, 129 Mo. 208; Long v. Abstract Co., 252 Mo. 158; Drucker v. Insurance Co., 223 S. W. 990; Jarrett v. Norton, 44 Mo. 277; Estes v. Reynolds, 75 Mo. 563; Kern v. Insurance Co., 167 Mo. 487; Bishop on Contracts, secs. 679-683; 13 C. J. p. 620.

WALKER, C. J.—*Certiorari* is here invoked to quash the record of the St. Louis Court of Appeals in Wilson v. Brotherhood of American Yeomen, 223 S. W. 992.   In the original action the plaintiff had brought suit against the defendant, a fraternal beneficiary association, to recover for a disability, payment for same having been provided for in the policy or certificate of membership.   At the trial defendant sought to interpose the defense of misrepresentation on the part of the plaintiff in securing the policy.   Objections to this defense were sustained on the ground that the premiums

received had not been returned or tendered to the plaintiff. There was a judgment for the plaintiff, which, upon appeal to the Court of Appeals, was affirmed. The character of the association is conceded. There is no dispute as to the facts. The only question involved is one of law, viz.: is it a prerequisite to the right of the defendant to interpose the defense of misrepresentation that premiums received by it be returned or tendered to the plaintiff? The Court of Appeals so held.

Governed by elementary rules of construction with the relevant statutes before us, this question need not be difficult of solution. Under a general law it is provided that "in suits brought upon life policies, heretofore or hereafter issued, no defense based upon misrepresentation in obtaining or securing the same shall be valid, unless the defendant shall, at or before the trial, deposit in court for the benefit of the plaintiff the premiums received on such policies." [Sec. 6940, R. S. 1909; Sec. 6145, R. S. 1919.]

The regulation of the business of life insurance is, under our statute, variously subdivided, in that each article authorizes the organization, defines the nature and prescribes the manner of conducting the business of a certain class or kind of companies distinct from the others, and subject, in many particulars, on account of their character, to the law of their creation alone. These separate statutes, however, do not prevent the application, in the absence of exceptions, of the above statute in regard to misrepresentations to any class of policies.

In ruling upon a statute (Sec. 6937, R. S. 1909; Sec. 6142, R. S. 1919) defining the materiality of misrepresentations as affecting the validity of policies we have held that this section applied to all companies not specifically excepted and to all policies written since its enactment. [Christian v. Mut. Life Ins. Co., 143 Mo. 460.] By parity of reasoning and in harmony with the canons of construction, the rule thus announced may be held applicable to the statute above quoted. [Sec. 6145, supra.] This

ruling would, without more, render fraternal beneficiary associations subject to that section, or, more specifically, make it a prerequisite for a defendant to tender or return the premiums received to the plaintiff before being allowed to interpose the defense of misrepresentations. However, we find, upon an examination of Article XV of the Insurance Law concerning fraternal beneficiary associations, the following section: ''Except as herein provided, such societies shall be governed by this article and shall be exempt from all provisions of the insurance laws of this State, not only in governmental relations with the State, but for every other purpose, and no law hereafter enacted shall apply to them unless they be expressly designated therein.'' [Sec. 5, Laws 1911, p. 285; Sec. 6401, R. S. 1919.]

The language of this section is such that it would be difficult to employ words more comprehensive of the legislative purpose to exempt this class of associations from the provisions of the general insurance law, and to restrict their operations to the statute of their creation. In harmony, therefore, with the rules of construction which, in our opinion, are in accord with right reasoning, there is no escape from this conclusion. That the ruling of the Court of Appeals is in error in holding to the contrary there does not seem to be any question. But as we said, in effect, in State ex rel. Peters v. Reynolds, 214 S. W. l. c. 122, ''this court is not to determine whether the St. Louis Court of Appeals erred in its application of rules of law to the facts in the record before it, but only whether in announcing the law of the case upon the facts as stated in its opinion it failed to follow the last previous rulings of this court.''

This ruling, which is but a repetition of others to a like effect, was not intended and does not limit the right of Courts of Appeals to authoritatively construe any statute. Their right in this regard is final and unlimited except where their construction contravenes a decision of this court. Until such contravention is found to exist, our interference by *certiorari* is unauthorized,

because our supervisory jurisdiction is founded solely upon the fact that a Court of Appeals has not followed our last previous ruling. [Art. VI, sec. 6, Mo. Const.; State ex rel. Gilman v. Robertson, 264 Mo. 661; State ex rel. Tiffany v. Ellison, 266 Mo. 604.]

Under the foregoing clearly defined limitation upon our powers of supervision, it not only becomes pertinent, but necessary, to determine whether the ruling of the Court of Appeals runs counter to our decisions, either as regards a general principle of law announced by this court, or, under a like state of facts, has announced a ruling contrary to that of this court. [State ex rel. Peters v. Reynolds, 214 S. W. (Mo.) l. c. 122.]

A familiar rule of construction frequently recognized by this court is that the general provisions of a statute must yield to special provisions where there is a conflict and where the general provisions in one part of the statute are inconsistent with the more specific provisions in another part. [State ex rel. Garesche v. Roach, 258 Mo. l. c. 552.]

The statute defining the conditions under which the right to the defense of misrepresentation may be exercised in a suit upon a life policy is general in its nature. In the absence of restrictions it may be invoked in a suit upon any life policy. The original action upon which the suit at bar is based was brought upon a policy or certificate of membership issued by a fraternal beneficiary association. This statute (Art. XV, chap. 50, R. S. 1919) contains, among other things, the section upon exemptions which we have shown constitutes an unequivocal restriction upon the application of the general statute above referred to, and confines the rights and powers of such association to the statute of its creation. In ruling to the contrary the Court of Appeals, therefore, was not only in error, but it ran counter to our holding in the Garesche-Roach case, supra, and others.

Futhermore, the Court of Appeals opinion is contrary to a general rule of construction applicable to statutes of the character here under review as announced

by this court in Hanford v. Mass. Mut. Ben. Assn., 122 Mo. 50, in which, in discussing the application of the general insurance law in regard to misrepresentations interposed as defenses to suits upon policies issued by assessment companies, it was ruled that corporations doing business under the assessment statute are not subject to any other provisions or requirements of the general insurance law except as therein distinctly set forth. This ruling was based upon a statute (Sec. 5869, R. S. 1889; now Sec. 6154, R. S. 1919) having particular reference to insurance companies operating under the assessment plan. While this is true, the doctrine announced is, in its last analysis, based upon the rule of construction in regard to general and special statutes, and is as applicable to a statute of exemptions in regard to fraternal beneficiary associations as it is to one having reference to the class of companies then under review.

In the late case of Bankers Life v. Chorn, 186 S. W. (Mo.) 1. c. 684, this court, in discussing the statute defining the exemptions from the general insurance law of assessment companies, said, in passing, in regard to the similar but more comprehensive statute in regard to fraternal beneficiary associations here under review, that while the language of the latter was redundant, it denoted the exemption of that class of associations from the insurance law of the State in every respect. Employed as an illustration, this declaration cannot be said to rise to the dignity of a ruling, but it cannot be otherwise regarded than as a recognition of the doctrine announced in the Garesche-Roach and Hanford cases, supra, concerning the construction to be given general and special statutes and hence at a variance with the ruling of the Court of Appeals.

From the foregoing we conclude that principles of law announced in our decisions are contravened in the original case by the opinion of the Court of Appeals, and that its record therein should be quashed.

It is so ordered. All concur.