THE STATE ex rel. NATIONAL COUNCIL OF KNIGHTS AND LADIES OF SECURITY v. FRANCIS H. TRIMBLE et al., Judges of the Kansas City Court of Appeals, and MARTHA BRYANT.

In Banc, March 11, 1922.

1. **CONFLICT OF OPINION: Certiorari: Petition for: Objection to Issuance of Writ.** Where objection to the issuance of a writ of *certiorari* to review a decision of a court of appeals is made on the ground that the petition therefor does not show wherein such decision conflicts with controlling decisions of the Supreme Court, the latter court, after having issued the writ, will determine the case on its merits, notwithstanding such objection is renewed by respondents.

State ex rel. v. Trimble.

2. ——: ——: Assumption of Facts. In a proceeding in the Supreme Court by *certiorari* to review a decision of a court of appeals on the ground of conflict thereof with controlling decisions of the Supreme Court, where the court of appeals, in its opinion, assumes certain facts to exist and then proceeds to decide the case just as if an express finding on the point had been made, the Supreme Court will adopt the same assumption of facts.

3. FRATERNAL BENEFICIARY INSURANCE: Misrepresentations: Return of Premiums. A foreign fraternal beneficiary insurance company authorized to do business as such in Missouri may defend against a suit on a benefit certificate on the ground that its issuance was procured by misrepresentations, without returning the premiums paid by the insured therefor and without depositing such premiums in court, even though such certificate was issued in 1911 before the Act of 1911 (Laws 1911, p. 285) took effect, inasmuch as both Section 7109, Revised Statutes 1909, and Section 6401, Revised Statutes 1919 (Sec. 5, Laws 1911, p. 285), exempt such company from the general insurance laws of this State, and therefore Sections 6937 and 6940, Revised Statutes 1909, do not apply to such company.

4. ——: ——: ——: Statute: Equity. The rule requiring a life insurance company to deposit in court, in a suit by the beneficiary of the policy, as a prerequisite to the defense of misrepresentations, premiums not paid by the beneficiary and to which such beneficiary could make no lawful claim, is purely statutory and not equitable. And such a suit cannot be converted into a suit in equity by such company by alleging fraudulent misrepresentations in the procurement of the policy and praying for its cancellation.

## *Certiorari.*

RECORD QUASHED.

*S. C. Gill* and *J. B. Gallagher* for relator.

(1) The laws in force at the time relator herein issued the certificate sued on, Feb. 3, 1911, specifically exempted fraternal beneficiary associations from the general provisions of the insurance laws of Missouri. And this law applies to foreign fraternal societies which comply with, as well as those organized under, the Missouri law. Secs. 7109, 7111, 7112, R. S. 1909; Ordelheide v. M. B. A., 268 Mo. 339, 347; Claudy v. Royal League,

259 Mo. 92, 105; Hartmann v. Knights & Ladies of Security, 190 Mo. App. 106. (3) The Court of Appeals in deciding that the National Council of the Knights and Ladies of Security could not make the defense of misrepresentations in the application of the insured, and breaches of warranties, under the terms of the certificate sued on as against the plaintiff beneficiary, unless it first offered to return the premiums or dues it had received, conflicted with the latest controlling decisions of this court. Said decision of the Court of Appeals is in conflict with the following decisions of this court.: Schuermann v. Union Central Life Ins. Co., 165 Mo. 641; Kern v. Legion of Honor, 167 Mo. 471; State ex rel. Garesche v. Roach, 258 Mo. 552; State ex rel. v. Reynolds, 229 S. W. 1057. (4) The rule in suits to cancel policies of insurance during the life of the insured being actions in equity, the party asking for the cancellation is required to place the other party *in statu quo*—return the benefits received—hence the rule, he who seeks equity must do equity. But a different rule prevails after the death of the insured; it is then too late to bring an action in equity to cancel the policy or certificates. Schuermann v. U. C. L. I. Co., 165 Mo. 652; Kern v. Legion of Honor, 167 Mo. 487. (5) The pleadings, application, benefit certificate sued on, instructions and other written documents referred to in the opinion are before this court for review, because: The scope of review in *certiorari* proceedings in the Supreme Court extends to all pleadings, instructions and written documents to which direct reference has been made in the opinion of the court of appeals. State ex rel. v. Ellison, 281 Mo. 674. (6) The appellate courts of this State have repeatedly held that relator is a fraternal beneficiary association. Goodwin v. Natl. Council, 166 Mo. App. 292; Davis v. Natl. Council, 196 Mo. App. 487; Keys v. Natl. Council, 174 Mo. App. 673; Hartmann v. Natl. Council, 190 Mo. App. 92.

*Embry & Embry* for respondent, Martha Bryant.

(1)   The petition for the writ of *certiorari* filed in this court is wholly insufficient and does not meet the requirements of Rule 34 of this court.   It does not set out the issue presented and does not show wherein there is a conflict between the decision of the Court of Appeals and any decision of this court as required by said Rule 34.   (2)   The decision of the Court of Appeals quoting the defense that is set up in the answer of National Council uses the following language: "The defense made is that the policy was void *ab initio.*"   But in appellant's petition to this court for a writ of *certiorari* counsel for National Council attempt to recede from its position thus stated and allege that the policy was not null and void but only voidable.   (3)   Under the decision of the Court of Appeals in this cause, the decision rendered by the last named court is not in conflict with the case of Kern v. Legion of Honor, nor in conflict with Schuermann v. Union Central Life Insurance Co., as alleged by petition. Kern v. Legion of Honor, 167 Mo. 471; Schuermann v. Union Central Lifs Ins. Co., 165 Mo. 653.   (4)   The attempt on the part of the National Council to have the court declare that the certificate sued on was void *ab initio* as stated in said decision, thereby meaning that it was never liable on such certificate, and at the same time retain all that had been received on said certificate is against the principles of natural justice and should not be tolerated.   Davis v. Knights & Ladies of Security, 196 Mo. App. 495; Jegglin v. Woodmen of the World, 216 S. W. 817.   (5)   The rule which denies a party to a contract the right to say that there was never any liability on a contract and at the same time keep the benefits of the contract does not depend on Sec. 6145, R. S. 1919, but is a rule founded upon principles of justice.   Drucker v. Indemnity Co., 223 S. W. 989; Bank v. Lyons, 220 Mo. 556; Sparks v. Jasper Co., 213 Mo. 240.   (6)   In the case of Wilson v. Modern Brotherhood of American Yeomen, decided by the St. Louis Court of Appeals, and which decision was quashed by this court, the facts are entirely different from the facts in this case.   In that

case, the petition stated that the defendant was a fraternal beneficiary association and the same was admitted in the answer, and in the opinion rendered by the St. Louis Court of Appeals it is stated that Modern Brotherhood was a fraternal beneficiary association authorized to do business in Missouri, whereas in the present case, the petition did not allege that National Council was a fraternal beneficiary association, and the trial court did not find that it was a fraternal beneficiary association, and the opinion of the Court of Appeals did not find that it was a fraternal beneficiary association. (7) The certificate of insurance in the Wilson Case was dated the 28th day of May, 1915, and therefore the statute cited in the 229 S. W. 1057 (Sec. 5, Laws 1911, p..265; Sec. 6401, R. S. 1919) was in force, whereas the date of the policy in the present case is February 3, 1911, and the statute under which the decision of the St. Louis Court of Appeals in the Wilson Case was quashed did not go into effect until fifty-five days after the issuance of the policy to Bryant by the National Council of the Knights & Ladies of Security. Therefore, quashing the decision in the Wilson Case is no ground for quashing the opinion of the Court of Appeals in this.

DAVID E. BLAIR, J.—This is an original proceeding in *certiorari*. Relator alleges that the opinion of respondents as judges of the Kansas City Court of Appeals in the case of Martha Bryant v. National Council of the Knights and Ladies of Security (relator), decided at the March Term, 1921, of said court, is in conflict with certain controlling decisions of this court. Relator therefore seeks to quash the record in said case.

Said suit was brought upon a death-benefit certificate in the sum of $1000, issued on February 3, 1911, by relator, upon the life of James P. Bryant, who died December 18, 1918. Martha Bryant is the mother of said deceased and was named as beneficiary in said certificate. Relator refused payment. Trial was had before the court without a jury, resulting in a judgment in favor of said bene-

ficiary and defendant appealed. The judgment was affirmed by said Kansas City Court of Appeals.

Relator is a fraternal beneficiary association incorporated under the laws of Kansas and duly authorized to issue benefit certificates and to operate in this State. This finding is hereinafter discussed more at length.

Respondents found the facts to be, as alleged in the answer of the defendant below, that insured in his application had stated that none of his sisters had been afflicted with consumption, when in fact two of them had previously died as the result of tuberculosis; that insured had represented the cause of their death as pneumonia. Respondents in their opinion said:

"The evidence fully supports the allegations made in defendant's answer in reference to the statements in the application, the provisions of the application and benefit certificate, and the death of insured's sisters, but at no time has defendant made an offer to return the premiums collected nor did defendant deposit such premiums in court for whosoever was entitled to them."

Relator contends that said opinion "specifically decides that a fraternal beneficiary society cannot successfully defend in a suit by the beneficiary in a benefit certificate on account of breach of warranties, after death of insured, without tendering in court the dues or premiums received by it." We think this is a fair statement of the essence of the opinion of the Court of Appeals. Relator contends the opinion is therefore in conflict with Schuermann v. Union Central Life Ins. Co., 165 Mo. 641, and Kern v. Legion of Honor, 167 Mo. 471.

I. Counsel for respondents at the outset contend that relator has not complied with our Rule 34 covering issuance of writs of *certiorari,* because the petition for such writ does not set out the issue and does not show wherein the alleged conflict exists between the opinion and decisions of this court. The same objection was raised in the suggestions in opposition to the issuance of our writ and, notwithstanding

Compliance
with Rules.

such preliminary objection, we issued the writ, and having taken jurisdiction will proceed to determine the case on its merits. However, we have again examined the petition on that point and find that the suggestion is not well taken, as an examination of the petition will show.

II.   Counsel for respondents contend that the trial court did not find that relator was a fraternal beneficiary association, that the opinion does not so hold and that plaintiff below did not allege in her petition that relator was such fraternal beneficiary association, and therefore there is no proof before this court that relator is such fraternal beneficiary association. In the opinion reference is made to the answer and by examining the record before the Court of Appeals (as we do under such circumstances; State ex rel. Kansas City v. Ellison, 281 Mo. 667, 220 S. W. 498) we find it is alleged in said answer that relator is a fraternal beneficiary association, incorporated under the laws of Kansas and duly licensed in this State. While the Court of Appeals does not make such finding in words, it did so inferentially, because it assumes that relator possesses such character in using the following language: "It is insisted where insured in a fraternal benefit association procures a certificate," etc., and the court then proceeds just as if an express finding on the point had been made. We are justified in adopting the same assumption, and we do so.

*Assumption of Fact.*

III.   At the time the benefit certificate was issued to insured, February 3, 1911, the following sections of the Revised Statutes of 1909 were in force:

"Sec. 6937. *Misrepresentation.*—No misrepresentation made in obtaining or securing a policy of insurance on the life or lives of any person or persons, citizens of this State, shall be deemed material, or render the policy void, unless the matter misrepresented shall have actually contributed to the contingency or event on which the

*Misrepresentations: Return of Premiums.*

policy is to become due and payable, and whether it so contributed in any case shall be a question for the jury.

"Sec. 6940. *Defense in case of suits.*—In suits brought upon life policies, heretofore or hereafter issued, no defense based upon misrepresentation in obtaining or securing the same shall be valid, unless the defendant shall, at or before the trial, deposit in court for the benefit of the plaintiffs, the premiums received on such policies."

The above sections were carried into Revised Statutes of 1919 as Sections 6142 and 6145. They are found in the article prescribing the general law relating to life and accident insurance companies. Relator contends it is exempt from the provisions of Section 6940, Revised Statutes 1909, in reference to depositing in court all premiums received, because of the provisions of Section 7109, Revised Statutes 1909, relating to fraternal beneficiary associations, as follows: "Such association shall be governed by this article, and shall be exempt from the provisions of the insurance laws of this State, and shall not pay a corporation or other tax, and no law hereafter passed shall apply to them unless they be expressly designated therein."

By Section 7112, Revised Statutes 1909, foreign fraternal beneficiary associations may be admitted to do business in this State. When so admitted they have the same immunity from the general insurance laws of this State as those organized under the laws of this State enjoy. [McDermott v. Modern Woodmen, 97 Mo. App. 636.]

Counsel contend that relator is not relieved of the necessity of making such deposit in court of premiums collected because the certificate in the case before the Court of Appeals was issued February 3, 1911, and prior to the taking effect of Section 5, Laws 1911, page 285 (now Sec. 6401, R. S. 1919), which reads as follows:

"Except as herein provided, such societies shall be governed by this article and shall be exempt from all provisions of the insurance laws of this State, not only

in governmental relations with the State, but for every other purpose, and no law hereafter enacted shall apply to them, unless they be expressly designated therein.''

The contention of respondents seems to be that the provisions of Section 7109, Revised Statutes 1909, above quoted, did not relieve relator from the necessity of depositing in court the premiums received when the defense of misrepresentations is made. The words ''and shall be exempt from the provisions of the insurance laws of this State'' are common to Section 7109, Revised Statutes 1909, and to Section 6401, Revised Statutes 1919. The latter section contains the word ''all'' between the word ''from'' and the article ''the.'' No distinction can be made in the meaning of the two sections upon this point. Exemption from the provisions of the statute means exemption from *all* the provisions of such statute. In the case of State ex rel. Yeomen v. Reynolds, 229 S. W. 1057, relator therein being a foreign fraternal beneficiary association, the question was, ''Is it a prerequisite to the right of the defendant to interpose the defense of misrepresentation that premiums received by it be returned or tendered to the plaintiff?'' The Court of Appeals so held in that case. The Kansas City Court of Appeals has so held in the opinion before us. In the Yeomen Case the certificate was issued in 1915. WALKER, J., said:

''This statute (Art. 15, c. 50, R. S. 1919) contains, among other things, the section upon exemptions which we have shown constitutes an unequivocal restriction upon the application of the general statute above referred to and confines the rights and powers of such association to the statute of its creation. In ruling to the contrary the Court of Appeals, therefore, was not only in error, but it ran counter to our holding in the Garesche-Roach Case, supra, and others.''

The opinion of the St. Louis Court of Appeals was quashed.

But counsel say that the Yeomen Case, supra, was based on Laws of 1911 at page 285, and that such act was

not in force until fifty-five days after the certificate in this case was issued. That contention comes to naught when the Act of 1911 is compared with Section 7109, Revised Statutes 1909, and they are found to be practically identical in so far as we are here concerned. If the language of the Act of 1911 was sufficient to exempt relator in the Yeomen Case from the application of the general insurance laws, the language of Section 7109, Revised Statutes 1909, must likewise be so construed in applying it to relator here. It must be held, therefore, that the opinion of the respondent judges is in conflict with State ex rel. Yeomen v. Reynolds, supra, in so far as such opinion holds that relator must deposit in court the premiums received by it under the benefit certificate before it can defend against liability on such certificate because of misrepresentations made in the application of insured.

In Kern v. Legion of Honor, 167 Mo. 471, it was held that defendant could not defend on the ground of such misrepresentations without making such deposit. The Legion of Honor was a foreign beneficiary association and it was held that the statute then in force did not extend to foreign beneficiary associations duly licensed in this State the immunity from our general insurance laws which domestic associations of that character enjoyed. Immunity was only denied because of the foreign organization of the Legion of Honor. Domestic fraternal beneficiary associations only were exempted at that time. Section 7112, Revised Statutes 1909, was enacted in 1897 (Laws 1897, p. 132) and was carried into the 1899 Revision as Section 1410. This enactment was subsequent to the issuance of the certificate sued on in the Kern Case. After the 1897 enactment until the time of the issuance of the certificate sued on in the case here under consideration foreign beneficiary associations duly admitted to do business in this State enjoyed complete immunity from our general insurance laws and to the same extent as domestic associations of that character. The opinion of the Kansas City Court of Appeals is therefore in conflict with the Kern Case.

Respondents said in their opinion that "the necessity for the return of the premiums in a case of this character is fully recognized in this State." They cite in support of that proposition the Kern Case, supra: Drucker v. Western Indemnity Co., 223 S. W. 989; Harland v. Ins. Co., 192 Mo. App. 198, and Wilson v. Brotherhood of American Yeomen, 223 S. W. 992. We have already discussed the Kern Case. The opinion of the St. Louis Court of Appeals in Wilson v. Yeomen, supra, was quashed by this court in State ex rel. Yeomen v. Reynolds, 229 S. W. 1057, solely because of the holding therein upon which respondents now rely. In Drucker v. Indemnity Co., supra, the action was on a policy which insured against accidental injury and disability from illness. That company was not exempt from the provisions of Section 6940, Revised Statutes 1909, and the case is not in point. In Harland v. Insurance Company, supra, the action was on a fire insurance policy and the ruling that it was necessary for the insurance company to deposit the premiums collected as a prerequisite to a defense of misrepresentations was not in any wise based on Section 6940, Revised Statutes 1909. It is therefore apparent that the cases cited in the opinion afford no support for the ruling made therein.

After holding that relator could not defend without depositing in court the premiums paid under the beneficiary certificate, respondent judges said: "It was insisted that there was no administrator appointed of the estate of James P. Bryant, deceased, and as the contract was made with deceased there was no person to whom tender could be made. Under such a situation defendant was required to deposit the amount of the premiums collected into court for whosoever was entitled to them."

They cite in support of this proposition Jegglin v. Woodmen, 216 S. W. 815, and Davis v. Knights & Ladies of Security, 196 Mo. App. 485. Apparently respondents cite those cases on the theory that they somehow tend to support the idea that relator was required to deposit such premiums as a perequisite to the defense of mis-

representations. An examination of those cases discloses that no such defense was made in either of them. In the Jegglin Case insured was a common laborer when the application was made and the certificate issued and, later on and with notice to the society, insured changed his occupation to that of miner, a more hazardous occupation and one calling for an increased assessment by the very terms of his policy. It was held that because defendant, after notice of such changed occupation, made no offer to return the premiums and did not deposit them in court when sued on the certificate, it was estopped to assert its invalidity.

In the Davis Case, supra, the defendant was held to have waived forfeiture of the benefits by insured for non-payment of dues by receiving payment of subsequent dues on behalf of the insured while he was in the insane asylum. It was held that the society could not defend on the ground of such forfeiture, because it had retained the dues and assessments and had not paid them into court for whosoever was entitled thereto. Neither of said cases is in point on the question before us.

IV. Respondent judges apparently base their ruling that relator must return the premiums collected or deposit them in court partially on equitable grounds. They said: "The requirement that insurance companies, seeking to defeat recovery on policies claimed by it (them) to be void *ab initio*, return premiums collected on

**Equity.**   the policy, is borrowed from the equitable rule that one who comes into a court of equity seeking to cancel a contract by fraud in its procurement must return the benefits received thereunder or put the other party *in statu quo*. In other words, he who seeks equity must do equity."

Whatever considerations may have influenced the Legislature in enacting Section 6940, Revised Statutes 1909, applicable to life insurance companies, are unimportant here because relator as a fraternal beneficiary association is exempted from the application of said sec-

tiot. It is manifest that, in the absence of statute, no life insurance company could be required to deposit in court, as a prerequisite to the defense of misrepresentations, premiums not paid by the beneficiary and to which such beneficiary could make no lawful claim. We are not here concerned with the question of the necessity for the returning of premiums collected or their deposit in court in a suit to cancel a beneficiary certificate. Such was the question in the case of Metropolitan Life Insurance Co. v. Freedman, 159 Mich. 114, upon which the Court of Appeals seems to rely and from which case its opinion quotes. It is interesting to note in that case, that, notwithstanding the insurance company offered in its bill to return the premiums collected and tendered same to the register of the court, the trial court held that such premiums should be retained by the company. Said Michigan case was an independent action to cancel the insurance policy and to restrain the prosecution of another suit brought by the beneficiary under such policy.

Whatever may be the rule in the State of Michigan it has been expressly decided in this State that after the death of the insured an action in equity to cancel the policy is not the proper remedy, and that when suit has been brought on the policy the insurance company cannot convert the action into a case in equity by alleging fraudulent misrepresentations in the procurement of the policy and praying for its cancellation. [Schuermann v. Union Central Life Ins. Co., 165 Mo. 641.] Under Section 6937, Revised Statutes 1909, it is provided that no misrepresentation shall be deemed material or render the policy void, unless it contributed to the contingency on which the policy becomes payable, which would be the death of the insured in the case of a life insurance policy, and the question whether such misrepresentation so contributed to such contingency is a jury question. It is not clear from the opinion that the Kansas City Court of Appeals held that in making such defense relator was put into the position of a company seeking to cancel an insurance policy, but relator seems so to regard the opinion. If

such is the holding, it is in conflict with the Schuermann Case.

Kern v. Legion of Honor, supra, following the Schuermann Case, denied the right of the insurance company, after the death of insured and in an action on the policy, to invoke the aid of the court of equity to cancel the policy for misrepresentations in its procurement.

It cannot be doubted that in the event the misrepresentations made by insured were of such a character that he could have recovered the premiums paid if the insurance company had canceled the policy during his lifetime, the cause of action for the recovery of such premiums would survive to his personal representative after his death. The beneficiary, as such, is not entitled to such premiums and could not maintain such an action.

Because of conflict in the opinion with controlling decisions of this court, as above pointed out, the record of the Court of Appeals should be quashed, and such is our order. All concur except *Woodson* and *Elder, JJ.*, who dissent.