## EDGAR J. WILSON v. BROTHERHOOD OF AMERI-
## CAN YEOMEN, Appellant.

### In Banc, April 2, 1923.

LIFE INSURANCE: Beneficiary Association: False Answers in Appli-
cation: Tender of Premiums Paid. To plaintiff's action on an
insurance policy, defendant pleaded that it was a fraternal bene-
ficiary association, and that answers made by plaintiff in his ap-
plication were warranted to be strictly true, but were false. De-
fendant had not returned, or offered to return, the premiums paid,
and claimed that the statutes (Sec. 6142, 6145, R. S. 1919) re-
lating to life insurance generally are without application to such
association, and that, hence, the false answers avoided the con-
tract, regardless of their materiality, and that such defense can
be made without an offer to return the premiums. The plaintiff
contended (a) that, notwithstanding defendant was organized and
chartered as a fraternal beneficiary association, the contract in
suit is not such a one as such an association is authorized to issue,
and for that reason the defendant cannot invoke the exemption
from the general insurance laws, and (b) that regardless of any
statute on the subject, an insurance company cannot, under the
general law, defend an action on one of its policies on the ground
that false representations were made in its procurement, unless
it returns, or offers to return, the premiums received. The case

was certified to the Supreme Court by the St. Louis Court of Appeals, on the ground that its decision is in conflict with Harland v. Insurance Co., 192 Mo. App. 198. *Held*, that all these questions were fully considered and soundly ruled by the St. Louis Court of Appeals, and its opinion, published in 237 S. W. 212, but not yet officially reported, is in accord with State ex rel. v. Reynolds, 287 Mo. 169, and State ex rel. v. Trimble, 239 S. W. 467, and is therefore adopted as the opinion of this court, and the judgment is accordingly reversed.

Transferred from St. Louis Court of Appeals.

REVERSED.

*Lehmann & Lehmann* for appellant.

The main point involved in this case is as to whether or not the defendant, a fraternal beneficiary association, is entitled to interpose the defense of misrepresentation without having first returned or tendered to plaintiff the premiums received. (1) Defendant being a fraternal beneficiary association was exempt from the provisions of Secs. 6142, 6145, R. S. 1919, and it was not necessary for defendant to return or tender the premiums received as a condition precedent to interposing the defense of misrepresentation. Sec. 6401, R. S. 1919; State ex rel. National Council v. Trimble, 239 S. W. 467; Wilson v. Bro. Am. Yeomen, 237 S. W. 212; Hanford v. Massachusetts Benefit Assn., 122 Mo. 50. (2) The record shows that defendant was at all material times a fraternal beneficiary association, duly licensed to do business in this State under the provisions of Chapter 50, Article 15, R. S. 1919. (3) The contract sued on was one of fraternal beneficiary insurance, and did not constitute doing business on the assessment plan so as to deprive defendant of the benefit of the laws relative to fraternal beneficiary associations. Parker v. Sovereign Camp of Woodmen, 196 S. W. 424; Westerman v. Supreme Lodge Knights of Pythias, 196 Mo. 670; Watkins v. Brotherhood of American Yeomen, 188 Mo. App. 626; Morton v. Royal Tribe of Joseph, 93 Mo. App. 78; Dessauer v. Maccabees, 191 Mo. App. 76; Claudy v. Royal

League, 259 Mo. 92; Tice v. Knights of Pythias, 204 Mo. 349; Secs. 6167, 6401, R. S. 1919. (4) Plaintiff's answers in his application for membership were strict warranties and their truth a condition precedent to his recovery, whether material or not. Valleroy v. Knights of Columbus, 135 Mo. App. 574; Claver v. Woodmen, 152 Mo. App. 164; Floyd v. Modern Woodmen of America, 166 Mo. App. 168; Daffron v. Modern Woodmen of America, 190 Mo. App. 316; Hoagland v. Modern Woodmen, 157 Mo. App. 15. (5) Plaintiff admitted a breach of warranty in his application, and therefore as a matter of law defendant is not liable. (6) Defendant being a fraternal beneficiary association, and so licensed to do business in the State of Missouri, Sections 6142 and 6145 are not applicable. Sec. 6401, R. S. 1919; State ex rel. National Council v. Trimble, 239 S. W. 467.

*James M. Rollins* and *Joseph Reilly* for respondent.

(1) Appellant is not within the exemption of fraternal beneficiary associations under the Act of 1911, for the reason that the certificate issued to respondent did not specify the amount of benefit payable thereunder. Sec. 6405, R. S. 1919. (2) The insurance certificate issued by appellant was insurance on the assessment plan, and therefore not such a certificate as a fraternal society was authorized to issue. Elliott v. Insurance Co., 163 Mo. 132;. Williams v. Insurance Co., 189 Mo. 70; State ex rel. v. Vandiver, 213 Mo. 217. (3) Before a fraternal society can claim the exemptions of our statute it must come under the law and make its contracts under the law. Ordelheide v. M. B. A., 268 Mo. 339, 344; State ex rel. v. Vandiver, 213 Mo. 198. (4) The answer of the defendant does not state facts sufficient to constitute the defense of misrepresentation and breach of warranty. Christian v. Insurance Co., 143 Mo. 460; Summers v. Insurance Co., 90 Mo. App. 693. (5) By joining issue on the manner of plaintiff's injuries and asking for the instruction which admitted liability if the plaintiff received his in-

juries as alleged in his petition, it waived its defense of misrepresentation and breach of warranty. Such defenses were inconsistent, and the trial court committed no error in refusing its instruction on the breach of warranty. Adams v. Trigg, 37 Mo. 141; 'Coble v. McDaniel, 33 Mo. 363; England v. Denham, 93 Mo. App. 19; Kerlerher v. Little & Henderson, 203 Mo. 498, 512; State ex inf. v. Delmar Jockey Club, 200 Mo. 34, 65.

RAGLAND, J.—This is an action on a benefit certificate issued by a fraternal beneficiary association wherein plaintiff seeks to recover indemnity for permanent total disability as therein provided. The defense is based on the falsity of the answers made by plaintiff to certain questions propounded to him in his application for membership, which by the terms of the application itself he warranted to be strictly true. As bearing on such defense it appears that defendant has not deposited in court for the benefit of plaintiff, nor tendered or offered to return, the payments received from him.

Defendant (appellant here) asserts that as it is a fraternal beneficiary association and the action is on one of its benefit certificates, Sections 6142 and 6145, Revised Statutes 1919, statutes relating to life insurance generally, are without application; and hence the false answers avoid the contract of insurance, regardless of their materiality; and such defense can be made without an offer to return the premiums. Respondent on the other hands contends: (1) that, notwithstanding appellant was organized, chartered and licensed as a fraternal beneficiary association, the contract in suit was not such a one as a fraternal beneficiary association is entitled to issue and for that reason appellant when sued on it cannot invoke exemption from the general insurance laws of the State; and (2) that regardless of any statute on the subject an insurance company cannot, under the general law, defend an action on one of its policies on the ground that false representations were made in its procurement, unless it returns, or offers to return, the premiums received.

The case comes here on the certification of the St. Louis Court of Appeals. The opinion accompanying it is the second one handed down by that court; it was concurred in by all of the judges, but the cause was transferred here because it was deemed that the decision was in conflict with that of the Kansas City Court of Appeals in Harland v. Insurance Co., 192 Mo. App. 198. The first opinion of the Court of Appeals was quashed by us on *certiorari.* [State ex rel. v. Reynolds, 287 Mo. 169.] In the last one all the questions raised on the appeal are fully considered and soundly ruled. The conclusions reached, so far as they relate to the same questions, are in accord with the views recently expressed by us in State ex rel. v. Reynolds, supra, and State ex rel. v. Trimble, 239 S. W. 467. For us to go over the ground so exhaustively covered by the opinion of the St. Louis Court of Appeals, not yet officially reported (Wilson v. Brotherhood of American Yeomen, 237 S. W. 212), would be a work of supererogation. For the reasons therein set forth the judgment of the trial court is reversed. All concur, except *Woodson, C. J.,* who dissents.