## LINCOLN NAT. LIFE INS. CO. v. PEARMAN et al.

### No. 269.

District Court, W. D. Missouri, Central Division.

July 29, 1930.

Wm. C. Michaels and Meservey, Michaels, Blackmar, Newkirk & Eager, all of Kansas City, for plaintiff.

R. N. Klass, of Cedar Rapids, Iowa, Ruby M. Hulen, of Columbia, Mo., and Mosman, Rogers & Buzard, of Kansas City, Mo., for defendants other than Bass.

REEVES, District Judge.

All the defendants, except the defendant Andrew J. Bass, have moved for a dismissal of plaintiff's bill upon the several grounds that plaintiff "has a plain, adequate and complete remedy at law by presenting and offering its defense in said law action," and that there are no special circumstances to entitle the plaintiff to proceed in equity.

On April 7, 1930, plaintiff filed its bill in equity to cancel four policies of insurance aggregating the sum of $200,000. These policies had been issued on or about December 24, 1929, upon the life of one William Folta.

It is alleged in the bill, however, that the real name of the assured was Robert William Pearman, the deceased mentioned in the amended bill. The bill contains many allegations of fraud and deceit in the procurement of said insurance, perpetrated both by the insured and the assignee. It is alleged in the bill that concurrently with the delivery of the policies an assignment thereof was made to the defendant Andrew J. Bass. Subsequently William Folta or Robert William Pearman was killed. Thereupon, the alleged fraud was discovered by the plaintiff and it sought a cancellation of the policies.

In the original bill it named Bass the assignee and the wife and children of the deceased as defendants. As grounds for equitable cognizance, plaintiff alleged "that it believes that defendant Bass as said assignee and person interested in the estate of Robert William Pearman intend to bring one or more suits upon said policies of insurance and that plaintiff is in danger of being sued on said policies in different jurisdictions at remote times beyond the contestable period stipulated in said policies; that plaintiff has no adequate remedy at law; that the material witnesses in the case to prove the charges herein made are widely scattered and that plaintiff is in danger of losing said evidence if it should await an action or actions at law to be brought on said policies; that plaintiff does not know the whereabouts of said policies but believes them to be in the hands or under the control of defendant Bass, and plaintiff states that if said policies remain outstanding plaintiff is liable to be vexed

with one or more suits based on said policies after the period of contest stipulated in said policy as aforesaid, has expired; that said policies were from their inception void as having been procured by fraud, and were, under the facts stated, issued under a mistake on the part of plaintiff, and that the minds of the parties never met, and that it would be inequitable to permit said policies or any of them to remain outstanding and uncancelled."

Said policies contained the usual incontestable clause after two years from date of issue.

After plaintiff filed its bill in equity and caused service of subpœnas in chancery upon the defendants, Maude Pearman, the wife of the deceased, was appointed administratrix of the estate of said deceased and instituted an action at law against the plaintiff on said policies. The plaintiff in this case, as the defendant in the law case, caused the law action to be removed to the federal court because of a diversity of citizenship. By an amended and supplemental bill plaintiff has made the plaintiff in the law case one of the defendants in this proceeding. It seeks by such amended bill to have the law case postponed to the disposition and final decree of this cause in equity.

The only point involved in the case is whether the plaintiff should be relegated to the law action for its defenses on the policy. The suit having been brought after the death of the insured and many months before the end of the contestable period, it is contended by said defendants that the case falls within the doctrine of Cable v. United States Life Ins. Co., 191 U. S. 288, 24 S. Ct. 74, 48| L. Ed. 188; Riggs v. Union Life Ins. Co., 129 F. 207; Mutual Life Ins. Co. v. Blair (C. C.) 130 F. 971; Schuermann v. Union Cent. Life Ins. Co., 165 Mo. 641, 65 S. W. 723; State ex rel. v. Trimble, 292 Mo. 371, 239 S. W. 467; Griesa v. Mutual Life Ins. Co. (C. C. A.) 169 F. 509, 513. This doctrine is as follows: "It is the settled law of this circuit [8th], and of the Supreme Court, that after the death of assured a suit in equity will not lie for the surrender and cancellation of the policy upon the ground that it was obtained by fraud, for the reason that the company has a plain, speedy, and adequate remedy by interposing the fraud as a defense to an action at law upon the policy."

The foregoing rule was announced as controlling in the absence of special circumstances, such as the near expiry of the contestable period and an obvious purpose of the beneficiaries to hold the suit in abeyance until such period had expired. Such circumstance, it is contended, is not present in this case. In Peake v. National Life Ins. Co., 15 F.(2d) 303, 305, the Circuit Court of Appeals of this circuit passed on the identical question here presented as follows:

"The proof showed that Mrs. Peake had executed a written assignment of her interest in the policy to the Association, and it does not disclaim having an interest. It was thus made to appear on the face of the bill, not only that the policy was obtained by fraud and deceit but also that the insurer was open to vexatious litigation by two claimants of the policy. * * *

"Story's Eq. Jur. (13th Ed.) § 935, says that a court of equity will exercise its jurisdiction as a protective or preventive remedy and cancel the contract, if the facts so require, to prevent its being vexatiously or injuriously used against the complaining party."

After the filing of the original bill in equity the defendant Andrew J. Bass signed and delivered a statement, wherein he confessed the fraud. If this may be regarded as a disclaimer, it was such filed in the suit and could not effect a dismissal but merely facilitates a decree. Unquestionably, upon the authorities, the original bill stated a cause of action in equity and was invulnerable as against the motion to dismiss. This means that equity had acquired jurisdiction of the subject-matter.

Subsequently, Maude Pearman, the administratrix of the estate of Robert William Pearman, instituted her action at law. By this proceeding plaintiff seeks to bring her into the suit in equity so that the whole matter might be adjudicated in said suit.

The rule is that equity will not enter a partial or incomplete decree. Plaintiff would be entitled to a decree in its equity suit as against Bass. The other defendants do not and cannot challenge that fact.

10 R. C. L. § 120 states the doctrine in such cases: "For the purpose of avoiding more than one suit and in order that a full, complete, effectual, and final decree adjusting the rights and equities of all parties in interest may be entered and enforced, a court of equity *once having assumed jurisdiction of a cause* on any equitable ground will reach out and draw into its consideration and determination the entire subject matter, bringing before it all the parties interested therein, and will retain such jurisdiction until all matters involved in the litigation between the

parties or growing out of and connected with the subject-matter of the suit are finally disposed of, even though it is thereby required to pass on strictly legal questions." Russell v. Clark, 7 Cranch, 69, 3 L. Ed. 271; Big Six Development Co. v. Mitchell (C. C. A.) 138 F. 279, 1 L. R. A. (N. S.) 332.

In view of the above, the plaintiff is entitled to have the law action postponed until the action in equity has been determined. However, if the plaintiff should desire to file an answer in the law action setting up an equitable defense in harmony with its bill, then the procedure is outlined in New York Life Ins. Co. v. Hurt et al. (C. C. A.) 35 F.(2d) 92, loc. cit. 96, as follows: "In the trial of the law case, the equitable defense should have been first disposed of."

Whether the case should be tried on the original bill in the equity suit or on the same matters raised by defendants in the law case is of little consequence. As said in the Peake Case, supra, the administratrix cannot be hurt by this procedure. On the contrary, final disposition of the case can be expedited, and, if entitled to judgment, same may be had in the equity case. The injunction should be granted as prayed.