CRECELIUS v. HORST *et al.*, *Appellants.*

1. **Personal Property, Dower in :** HUSBAND'S POWER OF DISPOSITION OF. By the laws of this state the widow is endowed in such personal property of the husband only as he owned at the time of his death. He may dispose of such property without her consent freed from her claim of dower. He cannot, however, by will deprive her of her dower in the personal property, nor can he defeat her dower therein by resorting to a deed or other contrivance which is testamentary in its character.

2. **Personal Property, Husband's Power of, Disposition Over :** DOWER. Before a disposition of personal property made by the husband in his life time will be avoided as in fraud of the dower rights of the wife, the disposition should be shown to be testamentary in its character, and should be clearly shown to have been made for the purpose of defrauding her of her dower.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*Frederick Gottschalk* for appellants.

(1) The testimony of a witness on a former trial, if dead, may be given in evidence, but it must be done by one who heard the testimony, and who will on his oath, undertake to repeat it in such detail as the practice of the courts may require. 1 Phillips' Evid. [4 Am. Ed.] p. 395, n. 115, with a number of cases cited. (2) [*a*] The husband was never seized of an estate of inheritance in the lot. (*b*) The money which he laid out in the purchase of the remainder for his daughter was an advancement to the daughter ; it is the same as if he had given it to her directly and she had bought this lot with the money. As to the money thus invested, the plaintiff could not have compelled the daughter thus advanced to bring this money into hotch-pot. *McReynolds v.*

*Gentry*, 14 Mo. 495. And the law raises a presumption, that such an investment or purchase is an advancement to the child, and no use to the father results therefrom. 2 Story Eq. Jur., sec. 1203 ; Perry on Trusts, secs. 143, 144 ; Hill on Trustees, 98. (c) Fraud must be proved and cannot be presumed. (3) An election bars the widow of her dower. *Matney v. Graham*, 50 Mo. 560 ; *Wigley v. Beauchamp*, 51 Mo. 544 ; *Griffith v. Canning*, 54 Mo. 282 ; *Hornsey v. Casey*, 21 Mo. 545.

*E. T. Farish* for respondent.

BLACK, J.—This is a suit to set aside a deed on the ground that it was made to defraud the plaintiff of her dower, and to have dower assigned in the lot in question.

Plaintiff and William Crecelius were married in 1860, and lived together on a farm near St. Louis for a year and a half, when they separated and thereafter had no communication with each other, though living in the same vicinity. A daughter, Ida, was born of this marriage. William Crecelius had several other children by a former marriage ; the defendant, Catherine, intermarried with defendant, Horst, being one of them. William Crecelius died in 1874, leaving as his heirs Catherine and Ida. In 1871 he purchased a lot in St. Louis and by a deed dated in November of that year had the same conveyed to himself for life with remainder in fee to his daughter, Catherine. He built a house upon the lot in 1871 and in 1872, moved into it, and he and his said daughter continued to live there until his death in 1874, and she and her husband now occupy the property.

On the first of April, 1871, he made a will, which was probated after his death, whereby he gave to his daughter, Ida, one dollar, and declared that his wife, the plaintiff, should be entitled to such share in his estate as the law allowed her and no more, and devised and bequeathed all the balance of his property to his chil-

dren, John and Catherine ; John died while the testator was yet living. The plaintiff elected to take a child's share under section 11, chapter 130, of the dower act (G. S., 1865) and there was assigned to her in lieu of her dower under that section one-third of the farm. She now contends that she is entitled to be endowed of a one-third for life in the lot in question under the first section of the same act. This claim is based upon the ground that as Crecelius did not die seized of an estate of inheritance in the lot, it was not involved in the election. Before the determination of this question becomes material it must be shown that the investment of the money in the lot and house, taking the title to himself for life with remainder to the daughter, was a fraud on the plaintiff, as to which a court of equity will grant relief.

By the laws of this state the widow is endowed in the personal property of the husband, but she is endowed in such personal property only as he owned at the time of his death. Until then he may dispose of such property without her consent, freed from any claim for dower. He cannot by will, however, deprive her of her dower in the personal property, nor can he defeat her dower therein by resorting to a deed or other contrivance which is testamentary in its character. In *Stone v. Stone*, 18 Mo. 389, the husband had conveyed away by deed certain slaves for the use of his children by a former marriage. The deed was made in immediate anticipation of death and with a view to prevent the widow's right to dower attaching in the slaves. The court, Scott, J., said : "Although dower is given in personal estate by our statute, yet it was not thereby intended to restrain the husband's absolute control of it during his life, to give and dispose of as he wills ; provided it be not done in expectation of death and with a view to defeat the widow's dower." So in *Tucker v. Tucker*, 29 Mo. 350, it was held that certain voluntary deeds of slaves, made by the husband when feeble and in declin-

ing health, and to defraud the widow of her dower in the slaves should be declared void as to her. In that case the demurrer had been sustained to the petition, which ruling was reversed here and the judgment of this court was placed upon the ground that the petition showed that the deeds had all the characteristics of a testamentary disposition of the property, and were as much within the prohibition of the statute as if they had the technical requisites of a will. The character of the property involved in those cases as well as the previous case of *Davis v. Davis*, 5 Mo. 183, is worthy of note. The right of the husband to dispose of his personal property during his life by gift, or otherwise, is recognized in strong language in *McLaughlin v. McLaughlin*, 16 Mo. 250, perhaps stronger than the foregoing cases would warrant.

Now there is no evidence showing that Crecelius was in feeble or delicate health when this lot was purchased and the house built, nor that he anticipated death at an early day. Of course every will is made in anticipation of death at some time. The inference from the evidence is that Catherine kept house for him on the farm and in the city. What the farm was worth does not appear. There was but $544.00 invested in the lot; and the house cost about $2,600. This was no more than a fair provision for the daughter, and such a provision as the father had a right to make, and the presumption of an advancement is not overcome by the fact that the daughter took the property subject to the life estate. Perry on Trusts, section 146. The provision for her is rather to be commended than condemned. The will as to the daughter, Ida, may not comport with our notions of duty, but we cannot overlook the fact that the father had a right to devise his property to such child or children as he saw fit.

Before a disposition of personal property made by the husband in his lifetime is avoided, as in fraud of

dower rights of the wife, the disposition should be shown to be testamentary in its character, and should be clearly shown to have been made for the purpose of defrauding her of her dower. The proofs in this case fall short of this and the judgment is therefore reversed and the bill dismissed. All concur.