## STATE *v.* LANE, EXECUTOR.

### Opinion delivered April 22, 1918.

1. INHERITANCE TAX—WHERE WIDOW TAKES UNDER WILL.—Where a widow accepts property and retains it under her husband's will, she takes no dower whatever in his estate, and the whole amount taken is subject to the inheritance tax.

2. INHERITANCE TAX—PROPERTY ACQUIRED BY WILL.—Property acquired by will is subject to the inheritance tax imposed by section 2, Act 197, Laws of 1913.

3. INHERITANCE TAX—TIME FOR BRINGING SUIT.—Appellee can not contend that a suit to collect an inheritance tax can not be brought within one year of the testator's death, where the appellee within the time made application to have the estate appraised and the tax fixed.

4. INHERITANCE TAX—REPEAL OF ACT 197, ACTS OF 1913—ACTION BEGUN BEFORE REPEAL.—An action to collect an inheritance tax begun under Act 197, Acts of 1913, may be prosecuted to a final conclusion by the Attorney General, although the act was repealed by Act 96, Acts of 1917.

5. INHERITANCE TAX—PENALTY.—The penalty for the nonpayment of an inheritance tax, under Act 197, Acts of 1913, does not accrue, when there is a dispute as to the amount among the parties, and the cause was submitted to the courts, and appellees promptly paid the amount adjudged by the court to be due, and this is true, although the trial court did not properly assess the amount of tax due at the full sum.

Appeal from Craighead Circuit Court, Jonesboro District; *W. J. Driver,* Judge; reversed.

*John D. Arbuckle,* Attorney General, and *Troy Pace, Gordon Frierson* and *T. D. Crawford,* special counsel, for appellant.

1. The widow elected to take under the will and is clearly within the statute. 133 N. W. 870; 66 N. E. 93; 131 N. Y. Supp. 137; 53 *Id.* 591; 127 Am. St. 1063.

120 Ark. 295 does not apply.

2. The tax was not paid within twelve months and a penalty of 10 per cent. and interest should be charged.

*Hawthorne & Hawthorne* and *D. K. Hawthorne,* for appellee.

1. The value of the widow's dower and homestead is exempt. 120 Ark. 295.

2. The suit was premature. Acts 1913, 824.

3. The appeal was not taken by the proper officer. Acts 1917, 455.

4. The widow did not take by will. Her dower and homestead were not subject to tax. 29 L. R. A. (N. S.) 428; 66 N. E. 93; Am. Cas. 1913 D. 492; 120 Ark. 295.

5. No penalty can be recovered. Necessary litigation is the cause of the delay. See also 133 N. W. 870; 110 N. E. 283.

HUMPHREYS, J. This suit originated in the probate court of Craighead County. At the October term, 1916, thereof an order was made on application of appellant, appointing G. W. Culberhouse to appraise the property of W. T. Lane, deceased, for the purpose of ascertaining the inheritance tax due thereon to the State, and on the 26th day of December thereafter an appraisement of said property was filed by G. W. Culberhouse. On December 14, 1916, the State of Arkansas, through special counsel, filed a petition in said court against appellees for the same purpose. On January 15, 1917, appellees filed a formal petition in said court for the same purpose. On January 18 thereafter appellant, through special counsel, filed an answer and exceptions to the petition of appellees and exceptions to the appraisement of

G. W. Culberhouse.   The court consolidated the proceedings, and, upon hearing, exempted the present value of the homestead and the value of the dower interest of Mattie Lane, widow of W. T. Lane, deceased, from the payment of an inheritance tax, and charged the estate with $3,218.25, inheritance tax, and also fixed the attorneys' fees at $321.82, and also found that appellees had paid said amount, less $190, to the Treasurer of the State. This order was rendered on the 22d day of March, 1917, from which an appeal was immediately prosecuted by the State, through its special counsel, to the circuit court. Appellees appeared in the circuit court and moved to dismiss the appeal, which motion was overruled.   The circuit court tried the case, sitting as a jury, sustained the findings of the probate court, ascertained that appellees had paid the additional $190 adjudged against the estate by the probate court, and dismissed the application of the State, from which the State has prosecuted an appeal, through special counsel, to this court.

The material and undisputed facts necessary to a decision of the questions presented by the appeal are as follows:   W. T. Lane, Sr., died testate on the 4th day of August, 1916.   He bequeathed to Mattie Lane property valued at $107,450, and to W. T. Lane, Jr., property of the value of $39,725.   Mattie Lane accepted and retained the property under the will.   Mattie Lane became executrix, and W. T. Lane, Jr., executor of the will.

(1-2)   Appellant contends that the court erred in exempting from the devise the value of Mattie Lane's dower interest in said estate from the inheritance tax act of March 24, 1913.   Section 2 of that act imposes an inheritance tax upon all property, tangible and intangible, when transferred by will.   Appellee cites *McDaniel* v. *Byrkett,* 120 Ark. 295, in support of the decree of the probate and circuit courts exempting her dower interest from the inheritance tax.   It was held in that case that Inheritance Tax Act No. 303, Acts 1909, laid a tax upon the privilege or right of succession to the property; that

the dower interest of a widow was not an interest by transfer or in succession from the husband within the meaning of the inheritance tax act aforesaid; but the dower was an inchoate right acquired by the wife by virtue of the marriage and consummated by the death of the husband. In other words, it did not pass to her by transfer or in succession. The case of *McDaniel* v. *Byrkett, supra,* is not applicable to the facts in the instant case. In this case the widow acquired the property by transmission from the husband. She accepted and retained it under the will. She took no dower whatever in the estate. Property acquired by will is subject to the inheritance tax imposed by section 2, Act 197, Acts 1913. The following authorities sustain our construction of the act:

*In re Sanford's Estate,* 133 N. W. (Neb.) 870; *Chisholm* v. *Shields* (Ohio), 66 N. E. 93; *In re Stuyvesant's Estate,* 131 N. Y. Supp. 197; *In re DeGraaf's Estate,* 53 N. Y. Supp. 591; *Estate of Barbey,* 114 N. Y. Supp. 725.

(3) Appellees contend that under Inheritance Tax Act No. 197, Acts 1913, a suit will not lie to enforce the payment of an inheritance tax for one year after the death of the testator or intestate. Appellees are in no position to make this contention for they made application themselves within that time to have the estate appraised and the tax fixed. The State's application was consolidated with the application of appellees, so it can not be said that the proceedings were prematurely instituted.

(4) Again, appellees contend that the Attorney General, through special counsel, had no right to appeal the case, because all the power and authority of the Attorney General and the special counsel was transferred to an inheritance tax attorney by Act 96, Acts 1917, amending the inheritance tax act of 1913. The power to enforce the collection of the inheritance taxes in Arkansas was vested in the Attorney General and attorneys to be appointed by him when necessary, by section 15,

Act 197, Acts 1913. The proceedings in the instant case were pending in the courts when Act 96, Acts 1917, was passed. Section 15, Act 197, Acts 1913, was repealed by the latter act and the power to collect the inheritance taxes of the State was placed in an inheritance tax attorney. Appellees insist that the special counsel appointed by the Attorney General had no right to file the affidavit for appeal after the passage of Act 96, Acts 1917. Learned counsel for appellees perhaps overlooked section 7798, Kirby's Digest, which is as follows:

"No action, plea, prosecution or proceeding, civil or criminal, pending at the time any statutory provisions shall be repealed, shall be affected by such repeal, but the same shall proceed in all respects as if such statutory provision had not been repealed."

It will be observed that the section just cited provides that pending actions shall proceed in *all respects* as if the statutory provision under which the suit was brought had not been repealed. We think under the section just quoted the special counsel appointed by the Attorney General, and the Attorney General himself, had a right to proceed with all cases pending in the courts at the time Act 96, Acts 1917, was passed.

(5) Appellant insists that a ten per cent. penalty should be imposed under section 9, Act 197, Acts 1913, for failure to pay the inheritance tax within one year. It is provided by that section that a penalty of ten per cent. shall be charged in case the taxes are not paid within one year. The section, however, provides that the penalty shall not be collected if the delay in payment is caused by necessary litigation or other unavoidable delay, provided "litigation to defeat the payment of a tax shall not be considered necessary litigation." Appellees themselves made application for the purpose of ascertaining the amount of inheritance tax the estate should pay, in October after the death of the testator. The State also filed an application in December after the death of the testator, to have the tax ascertained and charged, but it

did not cite appellees into court. Later, the State excepted to the orders of the court and appealed the case. There was no attempt on the part of appellees to evade the payment of the tax, and they promptly paid the amounts fixed by the court. This suit can not be regarded as an adversary suit to collect an inheritance tax which appellees had refused to pay. As stated above, appellees filed a statement of all the facts with the court within the year, for the purpose of ascertaining what amount they should pay. We do not think it can be said that it was litigation instituted for the purpose of defeating the payment of any tax.

For the error indicated, the judgment is reversed and the cause remanded for further proceedings in accordance with law.