In re Estate of ERIC BERNAYS, LUISE C. BERNAYS and ST. LOUIS UNION TRUST COMPANY, a Corporation, Executors of the Estate of ERIC BERNAYS, Appellants, v. ELLIOTT W. MAJOR, Appraiser. —126 S. W. (2d) 209.

Division Two, February 21, 1939.

*John C. Tobin* and *Norman C. Parker* for appellants.

*Roy McKittrick,* Attorney General, and *Edward H. Miller,* Assistant Attorney General, for respondents.

*John C. Grover amicus curiae.*

COOLEY, C.—Appellants in their brief thus state the facts:

"This is an appeal from a judgment of the Circuit Court of the City of St. Louis refusing to sustain the exceptions of the appellant executors to the report of the respondent inheritance tax appraiser. There is no dispute as to the facts.

"Eric Bernays died testate December 7, 1935, a resident of the City of St. Louis. By his will, after a nominal specific bequest, he left the residue to Luise C. Bernays and the St. Louis Union Trust Company, trustees, the income to be paid to Luise C. Bernays, widow, during her life, then to Katherine Bernays, daughter, during her life, with remainder to her issue.

"The widow did not renounce the will, which in section 6 provides, 'that the provisions herein made for my wife, shall be in lieu of her dower, homestead, allowances, rights of election and all other rights in my estate.'

"The Probate Court of the City of St. Louis appointed Elliott W. Major to appraise the assets of the estate, and by the report of the appraiser filed September 10, 1936, it appeared that the clear net market value of the estate, which consisted entirely of personal property, was $133,321.05. This total was broken up into three taxable portions by the report. The share of Luise C. Bernays, widow, based upon the mortality tables set out in the statutes, was valued at $83,032.32, from which was deducted the exemption of $20,000, leaving a taxable estate of $63,032.32 upon which the tax was assessed at a rate progressing from 1 per cent to 3 per cent for a total of $1,290.97. The share of Katherine Bernays, daughter, was calculated to be $23,-431.16, from which was deducted the exemption of $5,000, leaving

the taxable amount of $18,431.16 against which there was assessed the tax, at the rate of 1 per cent, or $184.31. The corpus of the estate was calculated at $26,857.57, against which was assessed a tax at the progressive rate of 5 per cent to 10 per cent for the total of $1,685.76. The total tax thus assessed against the entire estate was $3,161.04. . . .

"On October 1, 1936, within the statutory period, the executors filed, in the Probate Court, their exceptions to the appraiser's report and asked that the widow be allowed as additional deduction her child's share and other statutory allowances. The exceptions also asked that the rates as applied to the corpus should be changed from that applied by the appraiser to a rate progressing from 1 per cent.

"On February 1, 1937, the Probate Court overruled the exceptions of the executors, whereupon an appeal was duly taken and allowed to the Circuit Court of the City of St. Louis. Upon trial *de novo* the Circuit Court entered its judgment overruling the exceptions of the executors and approving the appraiser's report and the judgment of the Probate Court. Within four days the executors filed their motion for a new trial which was overruled. Thereafter the executors were duly granted an appeal to the Supreme Court."

Respondent agrees that the foregoing is an adequate statement of the facts for disposition of the principal legal question presented. We adopt it with the addition that the "nominal specific bequest" referred to reads:

"Section Two, I bequeath to my wife, Luise C. Bernays, any and all household furniture and furnishings of every description, jewelry, automobile or other like personal effects owned by me and used in connection with my home at the time of my decease."

The value of the articles bequeathed by said Section Two is not disclosed by the record.

Appellants contend that in addition to the $20,000 exemption the widow should be allowed, free from the tax, a deduction of "her dower or child's share, year's sustenance and absolute allowances," which, with the $20,000 exemption, would aggregate more than half the net market value of the estate and more than the appraised value of her life estate under the will, resulting that no tax should be assessed against her. They further contend that the rate progressing from five to ten per cent as applied to the corpus is erroneous and should be at the rate of one per cent on the first $20,000 and two per cent on the balance, "for a total tax of $237.15 instead of that assessed in the amount of $1,685.76." Reference to the facts bearing on this contention will be made later.

As appellants say, the principal issue presented is whether or not the widow's statutory interests in the property of her husband, had he died intestate, should be deducted in computing the taxable value of the estate, or perhaps we should say, of the property received by

her, so far as concerns the imposition of what, for convenience, we may call the inheritance tax, where, as here, the husband makes provision for her, which she accepts, in lieu of such dower and other statutory property and rights. This precise question has not heretofore been decided by an appellate court in this State. The "Inheritance Tax" law is found in Article 21, Sections 570 to 604, inclusive, Revised Statutes 1929 (Mo. Stat. Ann., pp. 349, et seq.).

By Section 570, "A tax shall be and is hereby imposed upon the transfer of any property, real, personal or mixed, or any interest therein or income therefrom, in trust or otherwise, to persons, institutions, associations, or corporations, not hereinafter exempted, in the following cases: When the transfer is by will or by the intestate laws of this state from any person dying possessed of the property while a resident of the state. . . ." (The remainder of said section need not be here quoted.)

Section 572 provides:

"When property, or any beneficial interest therein or income therefrom passes by any such transfer where the amount of property, interest or income shall exceed in value the exemption hereinafter specified and shall not exceed in value twenty thousand dollars, the tax hereby imposed shall be as follows:

"(1) *One per cent.*—Where the person or persons to whom such property or any beneficial interest therein passes, shall be the husband, wife, lineal descendant, or any lineal ancestor of the decedent, or any legally adopted child or any lineal descendant of such adopted child, or child born out of lawful wedlock, at the rate of one per centum of the clear market value of such property or interest therein."

Further provisions of that section prescribe the tax imposed, where the recipient of the property is collaterally related to the decedent, or a stranger in blood, the rate increasing as the relationship becomes more remote, and for amounts of property in excess of $20,000.

Section 575 provides: "The following shall be exempt from taxes provided for in this article: . . . All transfers of property or any beneficial interest therein of the clear market value of twenty thousand dollars to the surviving husband or wife, said exemption to be in addition to the marital right of the widow or widower, and five thousand dollars to each of the other persons described in the first subdivision, Section 572 of this article: . . ." The remainder of the section prescribes exemptions for persons more remotely related, lessening in amount as the relationship becomes more remote.

The tax in question is a tax on the right to receive property rather than on the right to transfer property after death. [In re Rosing's Estate, 337 Mo. 544, 85 S. W. (2d) 495; Brown v. State, 323 Mo. 138, 19 S. W. (2d) 12.] In In re Zook's Estate, 317 Mo. 986, 296 S. W. 788, it is said that the statutory words "transfer of any property" are used in the sense of " 'transmission of any property'

or 'succession to any property.' " Section 570 imposes a tax upon the "transfer of any property" (not exempted by other provisions of Art. 21) and Section 572 fixes the rate "when property, or any beneficial interest therein or income therefrom passes by *any such transfer*" (italics ours), to, among others, husband or wife. Clearly, the language "any such transfer" in Section 572 refers to the transfer "by will or by the intestate laws of this state" upon which Section 570 imposes the tax. Thus far the statute evidences a clear intent to impose a tax on the right of one spouse to receive property from the estate of the other either by will or by the intestate laws, and the legislative thought that the succession might be by either of said ways. In the instant case the widow took by will. We will consider the question of exemptions later.

■ Appellants' first point in their brief is that the wife's interest in her husband's property,—we understand them to mean both real and personal,—is an incident of the marriage relation, attaches upon coverture, and "is hers regardless of any law of intestate succession or will;" and that, therefore, if she fails to renounce the will, thus accepting its provisions, she in effect *purchases* the testamentary provisions in consideration of her relinquishment of dower and other statutory rights. In other words, if we understand this contention of appellants, they say she *purchased* the property bequeathed to her, giving in exchange something that was hers by law, and therefore, she being in legal effect a purchaser, the tax cannot be imposed. To this we cannot accede.

Appellant cites on this point Bank of Commerce v. Chambers, 96 Mo. 459, 10 S. W. 38. In that case a woman, by her will, created a spendthrift trust for her husband, upon condition that he release his right or estate as tenant by the curtesy in her lands within a certain time after probate of her will. He made the stipulated release. His creditors then sought to subject his income from the trust estate to payment of their claims. The court held they could do so; that his estate by the curtesy would have been subject to their claims and that when he gave that for the income from the trust estate he in effect purchased the latter and it thus became subject to claims of his creditors. We shall not take space further to analyze said decision. We do not regard it as in point or having application to the question before us. Doubtless the release or relinquishment of dower or other valuable right may, where the question of consideration is an issue, constitute a valuable consideration for a contract. But we cannot agree that such doctrine is applicable here, as against the State, which concededly has the power to tax a widow's succession to her husband's estate and the question is one of interpretation of statutes designed to exercise such power and, we may presume, to make the tax as nearly uniform in operation as possible. Similar arguments against assessment of succession taxes have been denied in Billings

v. The People, 189 Ill. 472, 59 N. E. 798; Dana v. Dana, 226 Mass. 297; In re Riemann's Estate, 87 N. Y. Supp. 731. This argument, if carried to its logical conclusion, would result that *no tax* could be assessed where the widow takes under a will the provisions therein made for her in lieu of dower, because, no matter how large the testamentary provision, there would always be a valuable consideration therefor in her renunciation or waiver of dower, making her in legal effect a purchaser of the testamentary provision and immune from the tax. That such was not the intent and is not the effect of the statute we think clear.

Even in jurisdictions where it is held that in case of intestacy, the value of the widow's dower is to be deducted in assessing an inheritance or succession tax, it has been further held that, if the husband left a will, making provision for the wife which in terms or under applicable law amounted to a provision in lieu of dower, and she accepted such provision, the value of what would have been her dower in case of intestacy is not to be deducted; that in such case she takes *by the will* and the tax is to be assessed accordingly. In New York it is held that "if the widow elected to take dower instead of the provisions contained in the will for her benefit, the value of such dower interest would not be taxable. But, if she accepts the testamentary provisions in lieu of dower, the transfer of the property passing to her by virtue of these provisions is taxable." [In re Stuyvesant's Estate, 131 N. Y. Supp. 197, 198. To same effect, see In re Bolton's Estate, 200 N. Y. Supp. 325; In re Riemann's Estate, supra.] In the latter case it is said that "by her acceptance of the legacy for her dower she released all claim to her dower and to every right which she would have under the same." A ruling similar in principle was made in Dana v. Dana (Mass.), supra, wherein the husband accepted a provision of his wife's will. By failing to waive the provisions made for him by the will and to claim such portion of the estate as he would have taken had she died intestate it was held he waived or renounced his tenancy by the curtesy and that the entire interest he took came to him by virtue of the will and was taxable accordingly. The statute taxed all property or interest therein "which shall pass by will or by the laws regulating intestate succession." It was further said, "even if Mrs. Dana had died intestate, the share of her estate taken by her surviving husband, in the absence of an election under St. 1915, c. 134 ("election and claim" for his "tenancy by the curtesy") would have vested in him by virtue of the laws regulating intestate succession and not otherwise." [See, also, In re Gould, 156 N. Y. 423, 51 N. E. 287.]

In In re Estate of Bullen, 47 Utah, 96, 151 Pac. 533, L. R. A. 1916C, 670, it was held that under the statute giving the surviving wife one-third in fee of the estate left by the husband said one-third was not subject to the inheritance tax. In the later case of Re Estate of

Osgood, 52 Utah, 185, 173 Pac. 152, L. R. A. 1918E, 697, the same court held where the husband in his will made provision for the wife in lieu of such distributive share and she accepted the provision, electing to waive or relinquish her right under the statute, she assumed "precisely the same relation to the husband's estate as any other legatee or devisee;" that by electing to take under the will she relinquished her right to take under the statute, and whatever share she received under the will passed to her "by such will, and not otherwise," and was subject to the inheritance tax without deduction of the value of what she would have taken by statute had she renounced the testamentary provision or had the husband died intestate. The Utah court followed Re Estate of Osgood in In re Kohn's Estate, 56 Utah, 17, 189 Pac. 409.

The Arkansas Supreme Court held, in McDaniel, State Treasurer, v. Byrkett, 120 Ark. 295, 179 S. W. 491, under a statute imposing a succession tax upon property passing "by will or by the intestate laws of this State," that the widow's dower did not pass by the intestate laws and was not subject to the tax (evidently the husband had died intestate), but in the later case of State v. Lane, 134 Ark. 71, 203 S. W. 17, the husband died testate, having bequeathed to his wife property valued at over $100,000 and the court held that State Treasurer v. Byrkett was not applicable; that the widow, having accepted and retained the property under the will, took by transmission from the husband and took no dower. The property so received by her was held to be subject to the tax without deduction of what would have been her dower in case of intestacy. We find rulings similar in principle in Arnett, Executrix, v. Bugbee, 98 N. J. Law 416, and Schuette v. Bowers (C. C. A.), 40 Fed. (2d) 208. In the latter case the court says (l. c. 213), "Without exception, save for a decision in Nebraska, state inheritance laws have been construed to entitle the widow to no deduction from the gift received under the will on account of the value of relinquished dower." In referring to a Nebraska decision as the sole exception the Circuit Court of Appeals evidently had in mind In re Estate of Sanford, 91 Neb. 752, 137 N. W. 864. In an earlier decision in the same case, reported in 90 Neb. 410, 133 N. W. 870, the court had held, in line with what we believe to be the weight of authority, that where the husband died testate, having made provision in his will for the wife in lieu of dower, which she accepted, the value of the dower interest should not be deducted in computing the inheritance tax. The decision in 91 Neb. 752, was on rehearing, in which the court modified its former opinion and held that the dower should be deducted, saying that from a review of the cases decided since the original opinion was adopted such seemed to be the weight of authority, though, as forcibly pointed out in Re Estate of Osgood, supra, citing no authority in support of that statement. In In re Estate of Strahan, 93 Neb. 828, 142 N. W. 678, cited

by appellants, the husband had died intestate. Jones v. State (Tex. App.), 5 S. W. (2d) 973, also cited by appellants, was a case in which husband and wife owned all their property as community property, the wife being, under Texas law, equal owner of one-half in her own right. The husband died testate, leaving to his wife property of approximately one-half the value of the entire estate, the excess over one-half, if any, being less than the widow's absolute exeemption under the inheritance tax statute. It was held that no inheritance tax could be assessed. But the court said that the wife received only what was already hers and that the effect of the will was to partition the community property between the widow and the other beneficiaries (she having been given specific property by the will)—"in other words, to make definite the particular portion of the community property owned by her, and not in anywise to affect, by increasing or diminishing, her estate." The case is hardly in point.

As to the wife's interest in personal property, we cannot go so far as appellants apparently would have us go by holding that the wife's interest attaches upon coverture and is inalienable by the husband. The inchoate right of dower does so attach (upon coverture and seizin in the husband), becoming consummate upon the husband's death, cannot be aliened by the husband without the wife's assent and is not subject to his debts. But personal property can be disposed of by the husband during his life (unless in expectation of death and with a purpose to defeat the widow's interest—Stone v. Stone, 18 Mo. 389, 392, Newton v. Newton, 162 Mo. 173, 61 S. W. 881, Crecelius v. Horst, 89 Mo. 356, 14 S. W. 510) and except for certain absolute allowances provided by statute for the widow, it is subject to payment of the husband's debts. The surviving wife or husband is allowed certain books, wearing apparel, articles of domestic industry, clothing, household effects, etc., and grain, meat and provisions necessary for the sustenance of the widow or widower and family for twelve months, and not to exceed $400 in value of other personal property. If the grain, meat and other provisions are not on hand the court is authorized to make a reasonable appropriation to the surviving spouse in lieu thereof. [See Secs. 106 to 111, inclusive, R. S. 1929, Mo. Stat. Ann., pp. 67-73.] These allowances are not subject to payment of debts of the deceased and can hardly be said to be part of his or her distributable estate. The apparent intent of the Legislature in making these provisions was to provide a temporary support for the surviving spouse and family, a purpose founded on sound public policy and intended for the conservation of the family. [See Crenshaw v. Moore, 124 Tenn. 528, 137 S. W. 924, 34 L. R. A. (N. S.) 1161.] But so much cannot be said of the share a widow takes in the personal estate of her deceased husband other than those absolute allowances. By Section 323, Revised Statutes 1929, Mo. Stat. Ann., p. 208 (Sec. 319, R. S. 1919) it is provided that,

"When the husband or wife shall die, leaving a child or children or other descendants, the widow or widower shall be entitled absolutely to a share in the personal estate belonging to the husband or wife at the time of his or her death, equal to the share of a child of such deceased husband or wife."

In In re Rogers' Estate (Mo.), 250 S. W. 576, strongly relied upon by appellants, it is said that that provision is not subject to the payment of the husband's debts. To that we cannot agree. That statement was made *arguendo* and perhaps was not intended as a definite holding. In United States v. Waite, C. C. A. Eighth Circuit, 33 Fed. (2d) 567, the court said, "We do not think the Missouri Court in that case so decided. No such question was involved in Re Rogers' Estate." The Circuit Court of Appeals, reviewing Missouri statutes on dower and distribution of estates, including present Section 323, supra, and present Section 306, Revised Statutes 1929 (Mo. Stat. Ann., p. 194), concluded that said statement was *obiter dictum* and on that ground refused to be bound by it. Said Section 306 provides how property of an intestate decedent shall descend and be distributed. It says that "When any person having title to any real estate of inheritance, or personal estate undisposed of, . . . shall die intestate as to such estate, it shall descend and be distributed in parcenary, to his kindred, male and female, *subject to the payment of his debts* and the widow's dower, in the following course: First, to his children, or their descendants, in equal parts; . . ." (Italics ours.) Section 323 gives the surviving wife, when there are children, "absolutely" a share in the personal estate *equal to* "the share of a child." But what is the share of a child? Obviously, only a share in what remains after the deceased parent's debts are paid. True, Section 323 does not say in terms that such "share" is subject to payment of debts, because that had been in effect said in Section 306. Until the debts are paid the child, under Section 306, has no "share" to be inherited by or distributed to him. Therefore a share "equal to the share of a child" can only be such share in what remains after the debts are paid. In Howard v. Strode, 242 Mo. 210, 146 S. W. 792, it was held that under Section 349, Revised Statutes 1909, now Section 323, Revised Statutes 1929, supra, the wife is not a dowress, but a distributee and "as a distributee under Section 349, she takes subject to debts, and her interest can be ascertained only upon final settlement of the estate." The distinction between "dower proper" and the "so-called dower in personalty," as pointed out in other cases, is referred to.

While the husband cannot deprive the wife of her dower or her right to take by election the statutory substitutes in lieu thereof without her assent, she can waive or relinquish those rights, and if the husband's will makes provision for the wife in lieu thereof and she accepts it she does relinquish them. [Trautz v. Lemp et al.,

329 Mo. 580, 612 et seq., 46 S. W. (2d) 135, 147 et seq. (26-32).] In that case the deceased by his will made substantial provision for his wife, which the court said appeared from the will to have been intended by the testator to be in lieu of dower and the widow's statutory share in the personalty. The court held that the widow could not take under both the statute and the will and that by accepting the testamentary provision she was barred of her right to dower in the real estate and the child's share in the personalty.

It is a general principle of law that one cannot claim under a will and against it too, and one who accepts a beneficial interest under a will thereby adopts the whole will and renounces every right or claim that is inconsistent with the will. [Wood v. Conqueror Trust Co., 265 Mo. 511, 178 S. W. 201; Trautz v. Lemp, supra; Moseley v. Bogy, 272 Mo. 319, 198 S. W. 847; Colvin v. Hutchinson, 338 Mo. 576, 92 S. W. (2d) 667; Arrington v. McCluer, 326 Mo. 1011, 34 S. W. (2d) 67.] The widow in this case took under the will and must be held to have taken the provision therein made for her subject to the burden which the law imposed upon the ·bequest—the succession tax. It is argued that such construction penalizes the widow for complying with the wishes of her husband by accepting the will. That is hardly correct. She was not compelled to accept the provision of the will. She was at liberty to reject it and take what the law would have given her absent a will. If she preferred the testamentary provision, burdened with a succession tax, she had the right to accept it but the necessity of choosing one or the other can hardly be considered the imposition of a penalty. It may not be out of place to remark that in this case the testator did what he could to save his beneficiaries from the alleged "penalty" of an inheritance tax by directing, in section seven of his will, that the executors pay "all estate and inheritance taxes" assessed against the estate or the distributive shares of the beneficiaries out of the general assets of the estate and not charge same against the distributive shares of the beneficiaries. This, however, does not affect the question of whether or not the tax is assessable.

Appellants, as we said above, rely strongly on In re Rogers' Estate, supra. In that case the widow renounced her husband's will, leaving the situation as to her as though there was no will, and elected to take a child's share. The court pointed out that the widow did not take by will and that the question was whether the interest she acquired by her election came to her through the "intestate laws of this state." The court held it did not and was not subject to the tax. There are some observations in the opinion that lend color to appellants' insistence that the entire interest a widow might take in the husband's estate is hers by law, and immune from the tax, regardless of whether or not she accepts the provisions of the will made for her in lieu of what she could have taken under the statute, absent a will. We do not think the court meant so to hold. The question of whether

or not a devise or bequest to the wife, to be in lieu of dower and other statutory rights, is subject to the tax, where she accepts the testamentary provision, was not involved in the case and we think was not considered by the court. The cases cited in the opinion do not indicate that the court was passing on that question. The question of whether the value of dower or statutory provisions in lieu thereof and the share of the widow in personal property should be deducted when the husband dies intestate or the widow renounces the will, is not involved in the instant case and anything we might say on that question would be in the nature of *obiter dictum,* wherefore we refrain from discussing the holding of the Rogers case as to what passes or does not pass by the intestate laws.

■ We referred above to the section of the statute relating to "exemptions." Section 575, supra, exempts to the widow $20,000 in value, "said exemption to be in addition to the marital right of the widow. . . ." The parties disagree as to what is meant by the "marital *right,*"—the term is used in the singular, not plural, in the statute. Respondent contends that it refers to the absolute allowances we have mentioned above and which, considering the purpose for which such provisions are made, it can hardly be supposed the Legislature meant to tax. Appellants say it means all the statutory provisions which the widow or widower would be entitled to under the law, absent a will, and applies "will or no will." The legislative intent in the use of the words, "said exemption to be in addition to the marital right of the widow or widower" seems to us obscure. But in the view we take of this case we are not now called upon to determine it and it is perhaps best to confine our decision to the issues involved. Regardless of how the quoted language should be interpreted we think the widow can waive or relinquish the provision thus intended, as she clearly may waive or relinquish dower and child's share, and accept in lieu thereof the provisions of the will. And this she has done in the instant case. The will expressly provides that "the provisions herein made for my wife shall be in lieu of her dower, homestead, allowances, rights of election and all other rights in my estate." Appellants say the "two exceptions," the $20,000 and the marital right, "are given without limitation as to the manner of taking by the widow," and that she gets both whether she takes by will or otherwise. We do not think so. As we have pointed out a person cannot claim under a will and also against it.

Appellants also urge that the interpretation placed upon the statute by the State officers charged with its enforcement is to be given weight. They point out that in 1929 Larry Brunk, State Treasurer, issued a pamphlet in which it was stated that "Exemption of widow or widower is twenty thousand dollars plus the value of a child's share in the entire net estate, whether he or she takes by will or by the intestate laws." It is said that pamphlet was sent to probate court judges

throughout the State and that such judges and the State' Treasurer's and' Attorney General's departments have since followed that interpretation of the statute. Though not proved in the record before us we may assume such to be the fact.

It is true that the construction of a statute by those charged with its execution, especially when it has long prevailed, is entitled to great weight and should not be disregarded or overturned except for cogent reasons, and unless it be clear that such construction is erroneous. A departmental construction can only be invoked when the language of the statute is ambiguous or doubtful, State ex rel. National Life Insurance Company of Montpelier, Vt., v. Hyde, 292 Mo. 342, 241 S. W. 396, and of course it is not conclusive upon the courts. The construction above mentioned, given by the Treasurer's and Attorney General's departments, was evidently based upon In re Rogers' Estate, supra, decided in`1923 and naturally those departments followed what they understood to be the holding of this court in said case. We have seen that that case did not involve the question presented by the instant case. As applied to the facts of the instant case we think said construction erroneous. In our opinion the bequest to the widow, less the $20,000 exemption allowed, was subject to the tax assessed.

Appellants contend that the tax assessed against the corpus of the estate was calculated on an erroneous theory, and should have been assessed under subdivision 1 of Section 572, supra, which imposes a tax of one per cent on the first $20,000 (after deducting the $5,000 exemption provided by Sec. 575) going to a child or lineal descendant, and (subdivision 6) two per cent on the amount over $20,000 and under $40,000; this on the theory that by the will said corpus goes to the issue of testator's daughter, Katherine Bernays.

The will provides that the income of the estate is to be paid to the widow during her life and after her death to Katherine during her life; that upon Katherine's death the trust shall cease and the corpus of the estate shall be distributed to her issue in equal shares as and when such issue respectively attain the age of twenty-one years, the income during their minority to be applied to their support and education; but, provided, that if Katherine should die without issue "then upon the termination of this trust" the corpus and undistributed income "shall be paid over and distributed unto the person or persons who would be my heirs and entitled to receive my estate under the Statutes of Descent and Distribution of the State of Missouri, at the time of the death of my said daughter." Katherine Bernays had no issue when her father died or when the assessment of the tax was made.

Subdivision 4 of Section 572 imposes a stated tax on transfers to persons related collaterally by blood to the decedent in the degree therein named. Subdivision 5 imposes a tax of five per cent where property or any beneficial interest therein passes to persons related

in a more remote degree of collateral consanguinity or to a stranger in blood, upon amounts not exceeding $20,000 and by subdivision 6 the rate is doubled on amounts in excess of $20,000 and up to $40,000. Section 597, Revised Statutes 1929, Mo. Stat. Ann., p. 367 (part of Article 21), contains, *inter alia,* this provision:

"When the property is transferred in trust or otherwise, and the rights, interest or estates of the transferees are wholly dependable upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this article, and such tax so imposed shall be due and payable forthwith by the executor, administrator, or trustee out of the property transferred: *Provided, however,* that on the happening of any contingency whereby the said property, or any part thereof, is transferred to a person or corporation exempt from taxation under the provisions of this article, or to any person taxable at a rate less than the rate imposed and paid, such person or corporation shall be entitled to a return of so much of the tax imposed and paid as is the difference between the amount paid and the amount which said person or corporation should pay under the provisions of this article."

The section further provides how the return shall be made. The tax against the corpus of the estate herein was assessed at the highest rate prescribed in Section 572, as directed by Section 597. Katherine Bernays may die without issue. The corpus of the estate is not to be distributed until her death and then, if she dies without issue, it is to go to collateral kindred of the testator, who may be so remotely related as to be subject to the five and ten per cent rate fixed by Section 572. We think the tax was assessed at the proper rate. [In re Kinsella's Estate, 293 Mo. 545, 239 S. W. 818.] No question is raised that the value of the corpus was not properly determined or that the tax, at whatever may be the applicable rate, is not now assessable and payable.

The judgment should be affirmed. It is so ordered. *Westhues* and *Bohling, CC.,* concur in result.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. *Tipton* and *Ellison, JJ.,* concur; *Leedy, J.,* concurs in result and concurs in opinion of *Westhues, C.*

WESTHUES, C.—I am concurring in the result of this case because I believe the conclusion reached is correct. I think, however, that the case of In re Rogers' Estate, 250 S. W. 576, should be overruled. The facts in that case briefly are: Rogers died testate, leaving an estate of $683,000. He was survived by his widow and two children. The widow rejected the will and elected to take a child's share. The

tax appraiser filed a report assessing a tax of $7,790. This court held that because she rejected the will and took a child's share she received nothing under the will and was not subject to pay any tax. Under the ruling of the case now before us, had this widow taken under the will she would have had to pay the tax.

When a widow rejects the will and elects to take a child's share she elects to stand on an equal footing with a child, and so far as she is concerned her husband died intestate and she takes by the Intestate Laws, as defined by Section 570, Revised Statutes 1929. If the logic in the Rogers opinion is followed, then a widow who does not take under a will, even though she receives $1,000,000, pays no tax. That the Legislature intended to tax only those widows who take property by virtue of a will is unthinkable. The result of the two cases is this: In the Rogers case we said that a widow taking a child's share amounting to over $200,000 need not pay any tax. The widow in this, the Bernays case, who received $80,000, must pay a tax on $60,000. If that is a correct interpretation of the statute, it is unconstitutional. However, I believe the statute may be interpreted so as to apply to all widows alike, and the Rogers case should be overruled. *Bohling, C.,* and *Leedy, J.,* concur.