STATE OF MISSOURI, at the Relation of CITY OF KIRKWOOD, a Municipal Corporation, Relator, v. FORREST SMITH, State Auditor of the State of Missouri.—No. 40764.—210 S. W. (2d) 46.

Court en Banc, March 15, 1948.

*John Torrey Berger* for relator; *Lewis, Rice, Tucker, Allen & Chubb, Charles & Trauernicht* and *Alva C. Trueblood* of counsel.

*J. E. Taylor,* Attorney General, *Tyre W. Burton* and *David Donnelly,* Assistant Attorneys General, for respondent.

522

DOUGLAS, J.—The City of Kirkwood, a city of the third class in St. Louis County, through its City Council adopted an ordinance for holding a special election to authorize the issuance of $800,000 bonds for expanding its waterworks and sewer systems. The ordinance fixed the date of the election, designated the polling places, provided for naming the judges of election, prescribed the form of ballot and other details. The election was held and the issuance of the bonds was approved. The city prepared and executed the bonds and presented them to the State Auditor for registration as required by law but he refused registration on the ground the election should have been conducted by the Board of Election Commissioners of St. Louis County and not by the City Council of Kirkwood under the ordinance.

In holding the election the city acted under Section 7369 R. S. 1939, Mo. R. S. A., as amended Laws 1945, p. 1301 which governs city bond issue elections and which was originally passed in 1889.

Respondent contends that Section 7369 is no longer applicable to the City of Kirkwood in view of the adoption of a permanent [47] registration act which is Article 18 of Chapter 76, Sections 11888-11935, R. S. 1939, entitled: ''Registration and Election In Counties

Of More Than 200,000 And Less Than 400,000 Inhabitants.'' The act applies to St. Louis County, and was adopted in 1935.

The question for decision therefore is whether such act which governs county-wide elections in St. Louis County also governs municipal elections in cities with such county having a population of over 10,000 inhabitants. Kirkwood has a population of 12,132.

The act appears to be primarily a permanent registration law although in its first section, Section 11888, it provides that in counties within the population limits set out ''there, shall be a registration of all qualified voters, and the conduct of elections, including primary elections, held in such counties, shall be governed by the provisions of this articlie.'' The act then provides for a County Board of Election Commissioners and prescribes its duties, provides for the establishment of election precincts, for the appointment of judges and clerks, for the canvassing of votes, tallying and proclaiming the result of elections, and for the disposition of the ballots and ballot boxes after election.

The act expressly excludes certain elections from its application. When first adopted it contained this provision: ''This article shall not apply to elections for public offices determined otherwise than by ballot, to township or village elections, or municipal elections in cities under 10,000 inhabitants or to public school elections, or to elections for County Superintendent of public schools.'' (Sec. 8, Laws 1935, pp. 232-3). This section of the act was amended in 1939 (Laws 1939, p. 396) to read: ''This article shall not apply to elections for public offices determined otherwise than by ballot, or to unincorporated town or village elections, or to public school elections, or to elections for county superintendent of public schools.'' (Sec. 11895, R. S. 1939.)

This section was no doubt inserted in observance of Article VIII, Section 5 of the Constitution of 1875 withholding from the general assembly the right to provide for registration of voters in cities under 10,000 population. The constitutional provision stated: ''The General Assembly shall provide by law for the registration of voters in counties having a population of more than one hundred thousand and in cities having a population of more than ten thousand, but not otherwise. . . . '' (The 1945 Constitution authorizes registration of voters without such limitations. Art. VIII, Sec. 5.)

Another section of the act deals specifically with cities of over 10,000 but limits the application of the act to registration only.

Section 11917 first states: ''In all cities and towns in such county having a population of not less than 10,000 nor more than 100,000 inhabitants, the provisions of this article shall apply as regards to permanent registration, new registration, transfers of registration, suspension and cancellation of registration, canvass and revision of the registry: *Provided*, that in all special elections, or elections to fill

vacancies, the registration books of the last preceding registration corrected by new or transferred registration, suspensions and cancellations may be used.''

The same sections next provides that no person shall be permitted to vote in any municipal election held in such cities or towns who is not registered. In order to enforce this provision the same section then authorizes the county board of election commissioners to appoint a special assistant election commissioner to represent the board in each precinct where a municipal election is to be held. The assistant must take the registration book of the precinct to the polling place and make it available for the use of ''the regularly appointed election officials of said city or town during the voting.''

The same section finally concludes: ''All provisions regulating municipal elections in such cities or towns and all penalties provided for the violation of laws relating to municipal elections shall remain in full [48] force and effect as far as they are not amended and modified by the provisions of this article.''

It is plain that the purpose and effect of this section excludes from the application of the act special and local elections in the cities specified except as to registration, and leaves the conduct of such elections to the local officials under the same laws which were in effect at the time the act was adopted.

If such were not the purpose of this section there can be no reason for it being made a part of the act. In the first place the section expressly limits the application of the act to the registration requirements thus excluding the county board of election commissioners from conducting any elections in such cities. If the county board of election commissioners was intended to conduct such municipal elections, it would have been unnecessary to provide for a special assistant election commissioner because for such elections as are held under the provisions of the act the county board is required to deliver the precinct registration books to the judges of election of each precinct. And finally the section expressly continues in force existing provisions regulating municipal elections in such cities or towns. This indicates the intent of this section not to repeal such existing provisions.

Reading the act as a whole it appears to express the general intention that the county board of election commissioners should conduct only county-wide elections including primaries as this Section 11917 specifically limits the application of the act in municipal elections to registration only.

It is a settled rule of statutory construction that where general provisions in one part of a statute are inconsistent with specific or particular provisions in another part, the particular provisions must govern. Or, as we said in State ex rel. v. Reynolds, 287 Mo. 169, 229 S. W. 1057: ''A familiar rule of construction frequently recognized

by this court is that the general provisions of a statute must yield to special provisions where there is a conflict and where the general provisions in one part of the statute are inconsistent with the more specific provisions in another part."

Thus any reference in the act to elections generally that are held in the county must be read in the light of Section 11917 which excludes municipal elections from the application of the act except as to registration. Therefore, it follows that Section 7369 (as amended) remains unaffected as the applicable governing law relative to city bond issue elections, and in particular to the City of Kirkwood bond issue election we are here considering.

The construction placed on the act by the successive boards of election commissioners since its adoption in 1935 supports our views. The boards have refused to conduct local elections for public corporate entities and have conducted only the county-wide elections. But we do not believe that such construction of the act is needed here because we find the act is neither uncertain nor doubtful on the question before us. See In re Bernays' Estate, 344 Mo. 145, 126 S. W. (2d) 209.

Inasmuch as the City of Kirkwood has complied with all the applicable laws in holding the election and since the issuance of the bonds has been properly authorized by the voters, respondent should register the bonds as required by law. Accordingly, our peremptory writ of mandamus to require respondent to register the bonds should issue.

Peremptory writ of mandamus ordered issued. All concur.