Gary B. Kempker, Director Department of Public Safety P.O. Box 749 Jefferson City, MO 65102
Dear Director Kempker:
This opinion is in response to your question asking:
 Who is required to wear a safety belt in a truck? (What ages does this apply to and what licensed gross weight of truck?)
Your question apparently arises because of a possible conflict between subsection 1 and subsection 2 of Section307.178, RSMo Supp. 1997. Section 307.178 provides:
 307.178. Seat belts required for passenger cars — passenger cars defined — exceptions — failure to comply, effect on evidence and damages — penalty — passengers in car exceeding number of seat belts not violation for failure to use. — 1. As used in this section, the term "passenger car" means every motor vehicle designed for carrying ten persons or less and used for the transportation of persons; except that, the term "passenger car" shall not include motorcycles, motorized bicycles, motor tricycles and trucks with a licensed gross weight of twelve thousand pounds or more.
 2. Each driver, except persons employed by the United States Postal Service while performing duties for that federal agency which require the operator to service postal boxes from their vehicles, or which require frequent entry into and exit from their vehicles, and front seat passenger of a passenger car manufactured after January 1, 1968, operated on a street or highway in this state, and persons less than eighteen years of age operating or riding in a truck, as defined in section 301.010. RSMo, on a street or highway of this state shall wear a properly adjusted and fastened safety belt that meets federal National Highway, Transportation and Safety Act requirements; except that, a child less than four years of age shall be protected as required in section 210.104, RSMo. No person shall be stopped, inspected, or detained solely to determine compliance with this subsection. The provisions of this section shall not be applicable to persons who have a medical reason for failing to have a seat belt fastened about their body, nor shall the provisions of this section be applicable to persons while operating or riding a motor vehicle being used in agricultural work-related activities. Noncompliance with this subsection shall not constitute probable cause for violation of any other provision of law.
 3. Each driver of a motor vehicle transporting a child four years of age or more, but less than sixteen years of age, shall secure the child in a properly adjusted and fastened safety belt.
* * *
 5. Each driver who violates the provisions of subsection 2 or 3 of this section is guilty of an infraction for which a fine not to exceed ten dollars may be imposed. All other provisions of law and court rules to the contrary notwithstanding, no court costs shall be imposed on any person due to a violation of this section. In no case shall points be assessed against any person, pursuant to section 302.302, RSMo, for a violation of this section.
* * *
 7. If there are more persons than there are seat belts in the enclosed area of a motor vehicle, then the driver and passengers are not in violation of this section. [Emphasis added.]
Section 301.010, RSMo Supp. 1997, defines "truck" in subsection 58 as follows:
 (58) "Truck", a motor vehicle designed, used, or maintained for the transportation of property;
Subsection 1 of Section 307.178 contains a reference to "trucks with a licensed gross weight of twelve thousand pounds or more" while subsection 2 refers to "a truck, as defined in section301.010, RSMo." The difference between these two subsections apparently prompts your question.
In addressing your question, we first consider the statutory provisions applicable to persons less than eighteen years of age. A provision in subsection 2 of Section 307.178 specifically applies to persons less than eighteen years of age: "persons less than eighteen years of age operating or riding in a truck, as defined in section 301.010, RSMo, on a street or highway of this state shall wear a properly adjusted and fastened safety belt. . . ." Where general provisions in one part of a statute are inconsistent with specific or particular provisions in another part, the particular provisions must govern. State exrel. City of Kirkwood v. Smith, 210 S.W.2d 46, 48 (Mo. banc 1948). Therefore, in considering the requirements for persons less than eighteen years of age, we follow the particular provision applicable to those persons.
The provision addressing persons less than eighteen years of age refers to a truck as defined in Section 301.010. That section defines "truck" as a motor vehicle designed, used, or maintained for the transportation of property. Such definition contains no reference to licensed gross weight. When considering persons less than eighteen years of age, licensed gross weight of the truck is irrelevant. Furthermore, the provision refers to "operating or riding in a truck" such that it is irrelevant whether the person less than eighteen years of age is in the front seat or the second (back) seat of a truck. This provision also makes no distinction regarding the date of manufacturing of the truck. So whether the truck was manufactured before or after January 1, 1968, is irrelevant under the statute when dealing with persons less than eighteen years of age. Therefore, a person less than eighteen years of age operating or riding in a truck, regardless of gross weight and regardless of whether in the front or second (back) seat of the truck and regardless of the date of manufacturing of the truck, is required to wear a safety belt, with certain exceptions.
In looking at the exceptions for persons less than eighteen years of age, there is a specific exception stating "a child less than four years of age shall be protected as required in section210.104, RSMo." Subsection 2 of Sections 307.178 further provides that such section "shall not be applicable to persons who have a medical reason for failing to have a seat belt fastened about their body, nor shall the provisions of this section be applicable to persons while operating or riding a motor vehicle being used in agricultural work-related activities." These exceptions would apply to persons less than eighteen years of age.
We next consider the statutory provisions applicable to persons eighteen years of age or older. Subsection 2 requires each driver and front seat passenger of a passenger car manufactured after January 1, 1968, operated on a street or highway in this state to wear a safety belt, with certain exceptions. Subsection 1 of Section 307.178 defines "passenger car" to not include trucks with a licensed gross weight of twelve thousand pounds or more. The term "passenger car" therefore includes trucks with a licensed gross weight of less than twelve thousand pounds. Because "passenger car" includes trucks with a licensed gross weight of less than twelve thousand pounds, each driver and front seat passenger in a truck with a licensed gross weight of less than twelve thousand pounds operated on a street or highway in this state is required to wear a safety belt, with certain exceptions. For those trucks with a licensed gross weight of less than twelve thousand pounds and containing both a front seat and a second (back) seat, there is no requirement for passengers in the second (back) seat to wear a safety belt. Likewise for those trucks with a licensed gross weight of less than twelve thousand pounds which were manufactured before January 1, 1968, there is no requirement for even the driver or front seat passenger to wear a safety belt.
With regard to the exceptions for persons eighteen years of age and older, subsection 2 contains a specific exception for certain employees of the United States Postal Service. Also relevant is the provision in subsection 2 stating: "The provisions of this section shall not be applicable to persons who have a medical reason for failing to have seat belt fastened about their body, nor shall the provisions of this section be applicable to persons while operating or riding a motor vehicle being used in agricultural work-related activities." These exceptions would apply to persons eighteen years of age or older.
 CONCLUSION
It is the opinion of this office that, with respect to the wearing of safety belts in trucks, pursuant to Section 307.178, RSMo Supp. 1997, 1) persons less than eighteen years of age operating or riding in a truck on a street or highway of this state, regardless of gross weight of the truck and regardless of whether in the front or second (back) seat of the truck and regardless of the date of manufacturing of the truck, are required to wear a properly adjusted and fastened safety belt, with exceptions for children less than four years of age, persons who have a medical reason for failing to have a seat belt fastened about their body, and certain persons involved in agricultural work-related activities, and 2) persons eighteen years of age or older are required to wear a properly adjusted and fastened safety belt when a driver or front seat passenger in a truck with a licensed gross weight of less than twelve thousand pounds that was manufactured after January 1, 1968, operated on a street or highway in this state, with exceptions for certain employees of the United States Postal Service, persons who have a medical reason for failing to have a seat belt fastened about their body, and certain persons involved in agricultural work-related activities.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General